**UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO.:

KAREN PAPPAS,

      Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES
CORP d/b/a SPACEX a foreign profit corporation
and THOMAS CHOI

      Defendants.

_____/

**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendant Space Exploration Technologies Corp. ("SpaceX") hereby removes the action with case number 50-2016-53532 from the Circuit Court in the Eighteenth Judicial Circuit for the County of Brevard to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3).  Removal of this action on the basis of diversity jurisdiction is proper for the following reasons:

1. Plaintiff filed her Amended Complaint in state court as Case No. 50-2016-53532 on March 23, 2020. The Summons and Amended Complaint are attached hereto as, **Exhibit A.**  SpaceX filed its Answer and Affirmative Defenses on May 4, 2020.  See **Exhibit B**.

2. Plaintiff Karen Pappas ("Plaintiff") alleges on June 9, 2016 she was involved in an automobile accident with co-defendant Thomas Choi ("Co-defendant") resulting in bodily injury, pain and suffering, as well as past and future medical care.   Ex. A, Complaint, ¶ 7-8.  She also alleges that SpaceX was negligent in allowing co-defendant Choi, an intern, to drive while intoxicated. **Ex. A**, Complaint, ¶ 19-21. And she further alleges that SpaceX is vicariously liable for co-

defendant Choi's negligence.  **Ex. A**, Complaint, ¶ 34-35.

3.  This is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by SpaceX pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as set forth more fully below.

4.  The amount in controversy exceeds $75,000 and thus exceeds the jurisdictional minimum of this Court, as set forth below. Medical bills are attached as **Ex. C.**

*Past Medical Specials*:

| | |
|---|---|
| Brevard County Fire Rescue | $556.08 |
| Cape Canaveral Hospital | $18,900.20 |
| Brevard Physician Associations | $103.00 |
| Coastal Health Systems of Brevard | $835.00 |
| Holmes Regional Med Center | $993.78 |
| Holmes Regional Med Center | $80,397.13 |
| Holmes Regional Med Center | $1,148.78 |
| Wuesthoff Med Ctr-Rockledge | $3,290.00 |

Total Billed:  $106,223.97

5.  There is complete diversity of citizenship in that SpaceX is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Hawthorne, California.  Accordingly, at the time of the filing of this Notice of Removal, SpaceX was and is a citizen of California and Delaware.

6.  As alleged in the Complaint, Plaintiff resides in Brevard County, Florida is and at all relevant times was a citizen of Florida. Complaint, ¶ 2.

7.  Co-defendant, Thomas Choi was a permanent resident of Georgia at the time of the accident and when he was served with process. See Return of Service of Summons to Thomas Choi,

**Ex. D**. Therefore, complete diversity exists between Plaintiff, Choi and SpaceX.

8.  The Summons, the Complaint, and all documents served with the Summons and Complaint, true and correct copies of which are attached hereto as **Ex. A and B**, constitute the entire process and pleadings filed in the state court action.

9.  Removal is timely under 28 U.S.C. § 1446(b)(3) because SpaceX is seeking removal within 30 days of receiving the documents from which SpaceX could first ascertain the existence of federal jurisdiction. Specifically, SpaceX first received Plaintiff's medical records and bills on May 5, 2020. Presumably these documents will serve as evidence of the costs of Plaintiff's past medical treatment and were in any event the first documents from which SpaceX could meaningfully assess the amount in controversy in this case.

10. Written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy has been filed with the Clerk of the Eighteenth Judicial Circuit Court, Brevard County, Florida in accordance with the provisions of 28 U.S.C. § 1446(d).

11. Co-defendant Choi does not object to Removal.  Plaintiff Pappas does object to Removal.


WHEREFORE, Space Exploration Technologies Corp. prays that this action in the Eighteenth Circuit Court in and for Brevard County be removed to this Court.


DATED:    May 27, 2020                    TYSON & MENDES LLP
                                          101 N.E. Third Ave., Suite 1500
                                          Fort Lauderdale, FL 33301
                                          (954)323-3823
                                          dfletcher@tysonmendes.com


                                   By: */s/ Damian M. Fletcher*
                                          Damian M. Fletcher, Bar#0056499
                                          Attorneys for Defendant
                                          Space Exploration Technologies Corp.

# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21366335**
**Date Processed: 04/02/2020**

| | |
|---|---|
| **Primary Contact:** | Gail Patton<br>Space Exploration Technologies Corp.<br>1 Rocket Rd<br>Hawthorne, CA 90250-6844 |
| **Electronic copy provided to:** | Sally Weaver |

| | |
|---|---|
| **Entity:** | Space Exploration Technologies Corp.<br>Entity ID Number  2112254 |
| **Entity Served:** | Space Exploration Technologies Corp. d/b/a Spacex |
| **Title of Action:** | Karen Pappas vs. Space Exploration Technologies Corp. d/b/a Spacex |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Brevard County Circuit Court, FL |
| **Case/Reference No:** | 05-2016-CA-53532 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 04/02/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Douglas R. Beam<br>321-723-6591 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 105315943 E-Filed 03/23/2020 05:19:36 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,

      Plaintiff,                  CASE 05-2016-CA-53532

v.

                                  **SUMMONS**

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,          APR 0 2 2020         11:20a

                            Served Date: _____ Time: _____

      Defendants.                  Christopher Kady #237
                                2nd Judicial Circuit
_____/

TO: SPACE EXPLORATION TECHNOLOGIES CORP.
     d/b/a SPACEX, a foreign profit corporation
     c/o Registered Agent – Corporation Service Company
     1201 Hays Street
     Tallahassee, Florida 32301-2525

      A lawsuit has been filed against you. You have 20 calendar days after this summons is

served on you to file a written response to the attached complaint with the clerk of this court. A

phone call will not protect you. Your written response, including the case number given above

and the names of the parties, must be filed if you want the court to hear your side of the case. If

you do not file your response on time, you may lose the case, and your wages, money, and

property may thereafter be taken without further warning from the court. There are other legal

requirements. You may want to call an attorney right away. If you do not know an attorney, you

may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written

response to the court you must also mail or take a copy of your written response to the

"Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del case y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligaitons juridiques et vous pouvez requerir les services

immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de

reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en

meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au

"Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

DOUGLAS R. BEAM, P.A.
Florida Bar 0515604
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
(321) 723-5926
eservice1@dougbeam.com
eservice2@dougbeam.com
Lawyers for Plaintiff

If you are a person with a disability who needs any accommodation in order to participate in
this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please
contact the ADA Coordinator at Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor,
Viera, Florida, 32940-8006, (321) 633-2171 ext. 2 at least 7 days before your scheduled court
appearance, or immediately upon receiving this notification if the time before the scheduled
appearance is less than 7 days; if you are hearing or voice impaired, call 711.

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this
lawsuit on the above-named defendant(s):

TO:   SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX, a foreign profit
      corporation
      c/o Registered Agent – Corporation Service Company
      1201 Hays Street
      Tallahassee, Florida 32301-2525

DATED: March 25TH, 2020.

(SEAL)

CLERK OF THE CIRCUIT COURT
SCOTT ELLIS
As Clerk of the Court

By_____ *Cheryl Spour* _____
        Deputy Clerk

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,                                        CASE 05-2016-CA-53532

     Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

     Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Karen Pappas, sues Defendants Space Exploration Technologies Corp. d/b/a SpaceX, a foreign profit corporation, and Thomas Choi, and alleges:

1.    This is a claim for damages in excess of $30,000.00, exclusive of interest and costs, and for trial by jury of all issues so triable as of right by jury.

2.    At all times material to this Complaint, Karen Pappas was *sui juris* and a resident of Brevard County, Florida.

3.    At all times material hereto, Defendant, Space Exploration Technologies Corp. d/b/a SpaceX was a foreign profit corporation authorized and doing business in Brevard County, Florida.

4.    At all times material hereto, Defendant, Thomas Choi was *sui juris* and a resident of Brevard County, Florida, a non-resident, or a resident of Florida who subsequently became a non-resident or a resident of Florida concealing his whereabouts.

5.     At all times material hereto, Plaintiff, Karen Pappas, was the owner, lessee or was otherwise in possession and control of a motor vehicle which was involved in a crash on or about June 9, 2016, in Brevard County, Florida.

6.     On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

7.     On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida, so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

8.     As a result of the crash, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering.

## COUNT ONE
## NEGLIGENCE OF SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A SPACEX

9.     The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10.     On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

11.     On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Brevard County, Florida.

12.     Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

2

13.     Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests. Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it: a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

14.     Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

15.     Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

16.     Space Exploration Technologies Corp. d/b/a SpaceX's business interests were advanced by the function which gave Space Exploration Technologies Corp. d/b/a SpaceX an opportunity to interact with its employees, including Thomas Choi. The purpose of the function was to improve the employer/employee relationship and to transact business of Space Exploration Technologies Corp. d/b/a SpaceX by: a) providing a means for employees to meet other employees, including interns; b) allowing them to learn about other Space Exploration

3

Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisting Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) providing the employees, including interns, with the names and contact information for businesses that Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce them to its supervisors and/or other employees Thomas Choi will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX.  Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

17.     Space Exploration Technologies Corp. d/b/a SpaceX knew that Thomas Choi was intoxicated and was not in a condition to drive.

18.     Space Exploration Technologies Corp. d/b/a SpaceX had the ability to control Thomas Choi, but it negligently failed to exercise that control when it let Thomas Choi drive while intoxicated.

19.     Space Exploration Technologies Corp. d/b/a SpaceX was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated.

20.     Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated.

21.     Thomas Choi operated his vehicle in a negligent manner so that he crashed his motor vehicle into a motor vehicle operated by Karan Pappas.

22.     As a result of the incident, Karen Pappas suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

4

life, and the expenses for hospitalization, medical care and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition, which losses are either permanent or continuing and plaintiff will suffer such loses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## COUNT TWO
### VICARIOUS LIABILITY OF
### SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX
### FOR NEGLIGENCE OF THOMAS CHOI

23.     The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

24.     On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

25.     On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Florida.

26.     Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

27.     Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests. Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it: a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c)

assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX.   Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

28.     In attending the event, Thomas Choi acted within the scope of his employment and at the direction of Space Exploration Technologies Corp. d/b/a SpaceX.

29.     Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

30.     Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

31.     Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

32.     Thomas Choi was intoxicated and was not in a condition to drive.

33.     Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated, crashing it into the motor vehicle operated by the Plaintiff, Karen Pappas.

34.     Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the actions of its employee Choi, taken while he was acting within the scope of his employment.

35.     As a result of the negligence of Thomas Choi in acting within the scope of his employment, the Plaintiff, Karen Pappas, was injured.   Under the doctrine of respondeat

6

superior, Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the injuries caused to Plaintiff by Thomas Choi.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## COUNT THREE
## NEGLIGENCE OF THOMAS CHOI

36.     The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

37.     On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

38.     On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida.

39.     At that time and place, Defendant, Thomas Choi owed the Plaintiff the duty to maintain and/or operate said vehicle with ordinary and reasonable care so as not to injure Plaintiff, Karen Pappas, or damage her property.

40.     At that time and place, Defendant, Thomas Choi negligently operated or maintained said motor vehicle so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

41.     As a result of Thomas Choi's negligence, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings

7

and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Thomas Choi, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that on this _1 8 th_ day of March 2020, a copy of the foregoing document has been provided to Jeffrey A. Carter, Esq., Conroy Simberg, Two South Orange Avenue Suite 300, Orlando, Florida 32801 via electronic transmission to eserviceorl@conroysimberg.com and jmorrow@conroysimberg.com.

DOUGLAS R. BEAM, P.A.
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
(321) 723-5926
eservice1@dougbeam.com
eservice2@dougbeam.com
Lawyers for Plaintiff

Douglas R. Beam
Florida Bar 0515604
Riley H. Beam
Florida Bar 100512
Lori M. Costa
Florida Bar 0014198

8

# EXHIBIT B

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE: 05-2016-CA-53532

KAREN PAPPAS,

      Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
Corporation, and THOMAS CHOI,

      Defendants.

_____/

## SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER AND AFFIRMATIVE DEFENSES AND MOTION TO DISMISS COUNT I

COMES NOW Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX, (hereinafter "Defendant") by and through undersigned counsel, and pursuant to the Florida Rules of Civil Procedure 1.140, files this Answer and Affirmative Defenses to Plaintiff, KAREN PAPPAS (hereinafter "Plaintiff") Complaint, and states as follows:

1. It is admitted that Plaintiff has alleged damages in excess of the jurisdictional limit, but it is denied Plaintiff is entitled to same from Defendant, or otherwise.

2. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2, and therefore denies same.

3. Admitted.

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4, and therefore denies same.

5. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 5, and therefore denies same.

6.   Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 6, and therefore denies same.

7.   Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 7, and therefore denies same.

8.   Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8, and therefore denies same.

**COUNT ONE**
**NEGLIGENCE OF SPACE EXPLORATION TECHNOLOGIES CORP.**
**D/B/A SPACEX**

Defendant, SPACE EXLORATION TECHNOLOGIES CORP. d/b/a SPACEX, (hereinafter "Defendant") has moved to dismiss Count I of the Amended Complaint.

**COUNT TWO**
**VICARIOUS LIABILITY OF**
**SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A SPACEX**
**FOR NEGLIGENCE OF THOMAS CHOI**

23.   Defendant restates and re-alleges its responses to the allegations contained in paragraph 1 through 9 as set forth herein and would further state.

24.   Defendant admits that on or about June 9, 2016, Thomas Choi was an intern at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County. Any and all other allegations contained in paragraph 24 are denied.

25.   Denied as phrased.

26.   Denied as phrased.

27.   Denied.

28. Denied.

29. Denied.

30. Denied as phrased.

31. Denied.

32. Denied.

33. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore denies same.

34. Denied.

35. Denied.

## COUNT THREE
## NEGLIGENCE OF THOMAS CHOI

36. Defendant restates and re-alleges its responses to the allegations contained in paragraph 1 through 9 as set forth herein and would further state.

37. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

38. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

39. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

40. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

41. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

42. Any allegation herein not specifically admitted is hereby denied.

43. Defendant demands trial by jury on all issues so triable.

## **<u>AFFIRMATIVE DEFENSES</u>**

1. As a First Affirmative Defense, Defendant states that Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

2. As a Second Affirmative Defense, this action is subject to the provisions of the Tort Reform Act of 1998.

3. As a Third Affirmative Defense, Defendant states that the Plaintiff's injuries were solely and proximately the result of the actions and/or negligence of other parties, persons, firms, entities or corporations over whom this Defendant had no control or duty to control and whose acts Defendant cannot be held legally responsible or liable for, including, but not limited to, the Plaintiff himself. *See Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) and Fla. Stat. §768.81. Defendant asserts the right to all set-offs and limitations of liability pursuant to the doctrine of comparative fault. *See Id*. Defendant reserves the right to supplement or modify this Affirmative Defense as discovery is ongoing.

4. As a Fourth Affirmative Defense, Defendant states that the Plaintiff's damages are the result of one or more intervening, superseding causes rather than being a result of any negligence on the part of Defendant, and therefore, the Plaintiff cannot recover against Defendant.

5. As a Fifth Affirmative Defense, Defendant states that any recovery by Plaintiff must be reduced to the extent of collateral sources paid or available to Plaintiff, including but not limited to: any contractual or charitable adjustments or write-offs.

6. As an Sixth Affirmative Defense, Defendant states that at no time or place set forth in the Complaint did any other defendant or third person alleged to be at fault, operate as the agent

or employee of Defendant, and within the course and scope of any such agency or employment relationship, such that Defendant can be held vicariously liable for his acts.

7. As an Seventh Affirmative Defense, Defendant states that the costs incurred, or paid by Plaintiff, if any, for repair of property damage, medical care, custodial care or rehabilitation services, loss of earning  or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from one or more collateral sources, including by or through insurance available to Plaintiff, restitution paid by Thomas Choi, and as such Defendant is entitled to have any award reduced in the amount of such payments.

8. As a Eighth Affirmative Defense, Defendant asserts that Plaintiff failed to mitigate any damages suffered as required under Florida law, and any recovery the Plaintiff may obtain should be proportionately reduced as a result of this  failure.

9. As a Ninth Affirmative Defense, Defendant asserts that Plaintiff is not entitled to the recovery of medical expense damages for future medical treatment as such treatment, if any, may be obtained and paid for through the Affordable Care Act (Public Law  111-148).

10. As an Tenth Affirmative Defense, Defendant asserts that Plaintiff has failed, and continues to fail, to mitigate damages arising from medical treatment as such expense, if any, may be paid for through the Affordable Care Act (Public Law  111-148).

11. As a Eleventh Affirmative Defense, Defendant states if there was any negligence that caused or contributed to the Plaintiffs' alleged damages, it was solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of Defendant, and, therefore, Plaintiffs cannot recover against Defendant.

12. Defendant specifically reserves its right to amend and plead any and all Affirmative

Defenses that may become known to it during the course of discovery.

## DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a

SPACEX (hereinafter "Defendant") by and through its undersigned counsel, and pursuant to

Florida Rules of Civil Procedure 1.140(b)(6), and files this Motion to Dismiss Count I of Plaintiff's

amended complaint and in support thereof sates as follows:

This suit arises from a motor vehicle accident that occurred on or around June 9, 2016. The

action is brought by Karen Pappas ("Plaintiff"), who alleges she was injured after being involved

in a motor vehicle accident with Thomas Choi. On March 18, 2020, plaintiff filed a three (3) count

complaint alleging two (2) counts against Defendant SpaceX. Count I for direct negligence against

Defendant, and Count II for vicarious liability based upon the negligence of co-defendant, Thomas

Choi. *See* Plaintiff's Amended Complaint, paragraphs 9 through 35.

Count I of Plaintiff's amended complaint must be dismissed because plaintiff fails to

properly allege the elements of a claim for direct negligence and, therefore, fails to state a claim

upon which relief may be granted.

## STANDARD OF REVIEW

In filing this motion, Defendant is cognizant of the stringent requirement governing this

Court's consideration of a motion to dismiss. Generally, a Rule 1.140(b) motion to dismiss cannot

be granted unless the Complaint alleges no set of facts, which if proven would entitle the plaintiff

to relief.  "The function of a motion to dismiss a complaint is to raise, as a question of law, the sufficiency of the facts alleged to state a cause of action." *Connolly v. Sebeco, Inc.*, 89 So. 2d 482, 484 (Fla. 1956); *Chiang v. Wildcat Groves, Inc.,* 703 So. 2d 1083 (Fla. 2d DCA 1997).  "In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true." *Alvarez v. E&A Produce Corporation,* 708 So. 2d 997, 999-1000 (Fla. 3d DCA 1998).

In order for a plaintiff to survive a motion to dismiss, a complaint must plead a prima facie case. *Id.* Whether plaintiff has pled a prima facie case "depends on the sufficiency of [plaintiff's] allegations of fact, excluding bare conclusions." *Id.*  Where the allegations of the complaint do not establish a legal right to relief, and the ultimate facts, if proven, would not establish a cause of action for which relief may be granted, a plaintiff's cause of action may be dismissed.  *Newton v. Davis Transport & Rentals, Inc.*, 312 So. 2d 200, 201 (Fla. 1st DCA 1975).  In the alternative, a motion for more definitive statement is appropriate for dissipation of vagueness and ambiguity. *FRCP 1.11(e) and (f). Calhous v. Epstein*, 121 So. 2d 828, 830 (Fla. 2d DCA 1960); *Wilson v. Clark*, 414 So. 2d 526, 528 (Fla. 1st DCA 1982).

Here, looking solely to the four corners of the amended complaint, plaintiff has failed to plead allegations giving rise to a legal cause of action for direct negligence against Defendant. Therefore Count I of plaintiff's amended complaint should be dismissed.

## <u>MEMORANDUM OF LAW</u>

### A. <u>PLAINTIFF FAILS TO PROPERLY ALLEGE ALL ELEMENTS FOR A CAUSE OF ACTION FOR NEGLIGENCE AGAINST SPACE-X</u>

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

Under Florida law, in order to properly plead a cause of action sounding in negligence, a plaintiff must allege: (1) a duty recognized by law to conform one's conduct to a standard for the protection of others against foreseeable and unreasonable risk of injury; (2) a breach of that duty; (3) the breach must be an actual and proximate cause of the injury; and (4) damages.  *Estate of Rotell ex. rel. Rotell v. Kuehnle*, 38 So. 3d 783 (Fla. 2d DCA 2010). "The elements of a negligence cause of action are duty, breach, causation, and damages." *Miller By & Through Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th DCA 1997).

Count I of plaintiff's complaint is completely devoid of any allegation containing a direct duty owed by Defendant toward plaintiff, nor any allegation of the breach of said duty.  *See* Plaintiff's Amended Complaint, paragraphs 9 through 22.   Moreover, Count I of plaintiff's complaint fails to allege any breach of a duty owed by Defendant to plaintiff was the proximate cause of plaintiff's injuries and/or damages.  *Id.*   The closest plaintiff gets to anything resembling a claim for direct negligence is the allegation that defendant "was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated." *See* Plaintiff's Amended Complaint, paragraph 9.  However, mere conclusory allegations of negligence are insufficient under Florida law. *See Clark v. Boeing Co.*, 395 So. 2d 1226, 1228 (Fla. 3d DCA 1981). The essential elements of a cause of action may not be inferred from the pleadings. *Sanderson v. Eckerd Corp.*, 780 So. 2d. 930, 933 (Fla. 5th DCA 2001).

Florida Rule of Civil Procedure 1.110 governs the general rules of pleading. With respect to claims for relief, Rule 1.110(b) provides that the pleading:

> must state a cause of action and shall contain . . . (2) a short and plain
> statement of the ultimate facts showing that the pleader is entitled to relief.

Fla. R. Civ. P. 1.110(b).

This rule, along with the other Florida Rules of Civil Procedure, were "adopted to establish an orderly and efficient judicial procedure to handle cases." *Thomas v. Pridgen*, 549 So. 2d 1195, 1196 (Fla. 1st DCA 1989). As part of this requirement, the pleader must prove the necessary elements in order for the pleader to prevail. *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999). In doing so, the pleader "must plead factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect." *Messana v. Maule Indus.*, 50 So. 2d 874, 876 (Fla. 1951). Additionally, factual allegations must be set forth that can be supported by evidence that gives rise to liability. *Barrett*, 743 So. 2d at 1162-63. It is clear from these procedural rules that Florida is a fact pleading jurisdiction, not a notice pleading one. *See Deloitte & Touche v. Gencor Indus.*, 929 So. 2d 678, 681 (Fla. 5th DCA 2006).

The reality of the situation is that plaintiff is attempting to turn a claim for vicarious liability into an additional claim against defendant for direct liability. This is in essence an attempt to fit a square peg into a round hole. Count I for direct negligence is essentially a carbon copy of count II for vicarious liability. *Compare* plaintiff's amended complaint paragraphs 9 through 22 with paragraphs 23 through 35. The facts as plaintiff has pled them, and as plaintiff's counsel knows, do not support a claim for direct negligence. Though defendant disputes it is vicariously liable to plaintiff for the negligence of Thomas Choi, defendant must acknowledge that plaintiff has at least properly pled a claim for vicarious liability. The same cannot be said for Count I.

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

As such, Defendant respectfully requests this Court dismiss Count I of plaintiff's complaint for failure to state a claim of direct negligence for which relief may be granted and the failure to comply with Florida's pleading requirements.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 4th day May, 2020, a true and correct copy of the above and foregoing Answer and Affirmative Defenses and Motion to Dismiss was filed with the Clerk of the above styled Court using eFiling Portal. We also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List via electronic mail.

Dated: May 4, 2020

TYSON & MENDES LLP

By:   /s//HALDON L. GREENBURG
Damian M. Fletcher
Haldon L. Greenburg
Attorneys for Space Exploration Corp
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL  33301
T:  954-332-3823
F:  561-3560-0401
DFletcher@tysonmendes.com
HGreenbur@tysonmendes.com

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

## SERVICE LIST

Douglas R. Beam, Esq.
Riley H. Beam, Esq.
Douglas R. Beam, P.A.
25 W New Haven Ave.
Suite C
Melbourne, FL 32901
Tel:  (321)723-6591
Email: eservice1@dougbeam.com
        Eservice2@dougbeam.com

*Attorneys for Plaintiff*

Jeffrey A. Carter, Esq.
CONROY SIMBERG
Two South Orange Ave.
Suite 300
Orlando FL 32801
Tel:
Email:  eservice@conroysimberg.com
        jcarter@conroysimberg.com

*Attorney for Defendant Thomas Choi*

# EXHIBIT C



**Brevard County Fire Rescue**
PO Box 915189
Orlando, FL 32891

**Account #**
**38622938**

## Itemized Statement

| Patient | Trip |
|---|---|
| Pappas, Karen<br>5107 Arlington Rd<br>COCOA FL 32927 | Date of Service: 06-09-2016<br>Dispatch ID Number: 041265<br>Pickup: Wb 528  Mm 49<br>Destination: Cape Canaveral Hospital |

### Itemized Charges

| Description | Unit Cost | Units | Amount |
|---|---|---|---|
| BLS Emergency Base Rate | 501.00 | 1 | 501.00 |
| BLS Emergency Mileage | 9.18 | 6 | 55.08 |

### Account Detail

| Transaction | Scan # | Post Date | Amount |
|---|---|---|---|
| Payment to EMS - Secondary Insurance | p610015366947 | 09-08-2016 | 275.52 |

### Account Summary

| Total Charges | Total Payments | Assign/Adjust | Balance Due |
|---|---|---|---|
| $556.08 | $275.52 | $0.00 | $280.56 |

**Cape Canaveral Hospital**

701 West Cocoa Beach Causeway, Cocoa Beach, FL 32931

C1007300069
PAPPAS,KAREN EDNA

Request Date: 6/6/2018

PAPPAS,KAREN EDNA
5107 ARLINGTON ROAD
COCOA, FL 32927

Account: C1007300069
Admission: 3/14/2010
Discharge: 3/14/2010
Insurance 1:
Insurance 2:

## Charges

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 3/14/2010 | CC Cardiology | 19008 | ER EKG ROUTINE W/REQUISITION | 1 | $374.00 |
| 3/14/2010 | CC Emergency Dept | 35 | IV FLUID INFUSION FIRST HOUR | 1 | $282.00 |
| 3/14/2010 | CC Emergency Dept | 90171 | SALINE LOCK IV | 1 | $39.00 |
| 3/14/2010 | CC Emergency Dept | 39 | IV PUSH EACH ADDITIONAL DIFF MED | 1 | $100.00 |
| 3/14/2010 | CC Emergency Dept | 11003 | ED LEVEL III | 1 | $608.00 |
| 3/14/2010 | CC Emergency Dept | 12052 | LAB DRAW | 1 | $13.00 |
| 3/14/2010 | CC Laboratory SoftLab | 21895 | TROPONIN I | 1 | $229.00 |
| 3/14/2010 | CC Laboratory SoftLab | 10030 | COMPLETE BLOOD COUNT | 1 | $205.00 |
| 3/14/2010 | CC Laboratory SoftLab | 99999 | VENIPUNCTURE - CHRG ONLY | 1 | $13.00 |
| 3/14/2010 | CC Laboratory SoftLab | 21230 | METABOLIC PROFILE, COMP. | 1 | $187.00 |
| 3/14/2010 | CC Laboratory SoftLab | 21150 | LIPASE | 1 | $270.00 |
| 3/14/2010 | CC Laboratory SoftLab | 10565 | REFLEX URINE MICROSCOPY | 1 | $36.00 |
| 3/14/2010 | CC Laboratory SoftLab | 10571 | URINALYSIS | 1 | $57.00 |
| 3/14/2010 | CC Pharmacy | 26074 | CARAFATE EQ. 1G TAB | 1 | $3.45 |
| 3/14/2010 | CC Pharmacy | 99003 | IV SOL, 0.9% NACL 250ML | 1 | $116.60 |
| 3/14/2010 | CC Pharmacy | 24642 | PEPCID 10MG/ML 2ML INJ | 1 | $65.75 |
| 3/14/2010 | CC Radiology | 15037 | OR XR CHEST 2-VIEW | 1 | $276.00 |
| | | | **Total Charges** | | **$2,871.80** |

## Adjustments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 4/8/2010 | | A3860 | CHARITY ALLOW - AHCA | 1 | ($2,871.80) |
| | | | **Total Adjustments** | | **($2,871.80)** |

```
------------------------------------------------------------
                 BREVARD PHYSICIAN ASSOCIATES, PLLC
                       1775 W HIBISCUS BLVD
                            SUITE 215
                   MELBOURNE, FL 32901-2627
                          (321)255-9671
------------------------------------------------------------
Patient:  KAREN E PAPPAS                    H001100169

          xXXXGQAxxxFXxxXXXQXxxxx           Date of Birth  :         x

Location of Service: HROP HOLMES REGIONAL MEDICAL CENTER
Place of Service   :
Physician          : BERDI DIANE BERGAU     Tax ID/SSN    :
------------------------------------------------------------
```

|  |  |  |  |
|---|---|---|---|
| 7/25/16 | 73110 RADEX WRIST COMPLETE MINIMUM 3 VIEWS | 26.00 | |
| | Dx   1) S52.502D   2) S52.612D | | |
| 12/19/16 | BSFL   Receipt #:   36263 | | 8.96- |
| 12/19/16 | BSFL   FLORIDA BLUE SHIELD ADJUSTMENT | | 17.04- |
| | | | |
| 7/25/16 | 73630 RADEX FOOT COMPLETE MINIMUM 3 VIEWS | 25.00 | |
| | Dx   1) S92.201D | | |
| 12/19/16 | BSFL   Receipt #:   36263 | | 8.62- |
| 12/19/16 | BSFL   FLORIDA BLUE SHIELD ADJUSTMENT | | 16.38- |
| | | | |
| 9/07/16 | 73110 RADEX WRIST COMPLETE MINIMUM 3 VIEWS | 26.00 | |
| | Dx   1) S52.502D   2) S52.612D | | |
| 12/31/16 | BSFL   Receipt #:   39730 | | 8.96- |
| 12/31/16 | BSFL   FLORIDA BLUE SHIELD ADJUSTMENT | | 17.04- |
| | | | |
| 9/07/16 | 73610 RADEX ANKLE COMPLETE MINIMUM 3 VIEWS | 26.00 | |
| | Dx   1) S92.101D | | |
| 12/31/16 | BSFL   Receipt #:   39730 | | 8.96- |
| 12/31/16 | BSFL   FLORIDA BLUE SHIELD ADJUSTMENT | | 17.04- |

```
------------------------------------------------------------
          Totals    Charges . . . . . . . . :    103.00
                    Payments. . . . . . . . :     35.50-
                    Unapplied Cash  . . . . :       .00
                    Adjustments . . . . . . :     67.50-
                    Balance Due . . . . . . :       .00
```

**Receipt 06/05/18**

# COASTAL HEALTH SYSTEMS OF BREV

## 486 GUS HIPP BLVD

ROCKLEDGE     FL     32955-4800
(321) 632-5092 Ext.

| Patient | Trip |
|---|---|
| PAPPAS, KAREN<br>5107 ARLINGTON RD<br><br>COCOA          FL    32927 | Date of Service:    2016-06-10<br>Run Number:      7,491          ssn#     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<br>PU Facility:        CAPE CANAVERAL HOSPITAL<br>DO Facility:        HOLMES REGIONAL MED CTR<br>Guarantor: |

| | |
|---|---|
| **Total Charges:** | **$835.00** |

| Credit Description | Check Number | Date | Amount |
|---|---|---|---|
| Write-off / Collection | | 2017-03-02 | $402.03 |
| INSURANCE PAYMENT | | 2016-11-29 | $432.97 |
| | | **Total Credits** | **$835.00** |

| | |
|---|---|
| **Current Balance** | **$0.00** |



**Ciox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
1-800-367-1500

**INVOICE**

Invoice #: **0247881595**
Date: **6/14/2018**
Customer #: 1860554

| Ship to: |
|---|
| JOHN L MORROW, ESQ |
| CONROY SIMBERG ET AL |
| 2 S ORANGE AVE |
| STE 300 |
| ORLANDO, FL 32801-2637 |

| Bill to: |
|---|
| JOHN L MORROW, ESQ |
| CONROY SIMBERG ET AL |
| 2 S ORANGE AVE |
| STE 300 |
| ORLANDO, FL 32801-2637 |

| Records from: |
|---|
| HEALTH FIRST BILLING |
| 1350 HICKORY ST |
| MELBOURNE, FL 32901-3224 |

**Requested By:** CONROY SIMBERG ET AL
**Patient Name:** PAPPAS KAREN

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 10.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 9 | 1.00 | 9.00 |
| Shipping | | | 1.42 |
| Certification Fee | | | 10.00 |
| Subtotal | | | 30.42 |
| Sales Tax | | | 1.98 |
| Invoice Total | | | 32.40 |
| Balance Due | | | 32.40 |

**Pay your invoice online at** https://paycioxhealth.com/pay/

Terms: Net 30 days          **Please remit this amount : $ 32.40 (USD)**

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Ciox Health**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
1-800-367-1500

| Invoice #: **0247881595** |
|---|
| Check # _____ |
| Payment Amount $_____ |

Get future medical records as soon as they are processed,
by signing up for secure electronic delivery.
Register at: edelivery.cioxhealth.com

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to https://paycioxhealth.com/pay/ or call 800-367-1500.
Email questions to collections@cioxhealth.com.

# Holmes Regional Medical Center
**1360 South Hickory Street, Melbourne, FL 32901**

H1620400286
PAPPAS,KAREN EDNA

Request Date: 6/13/2018

Account: H1620400286
Admission: 7/25/2016
Discharge: 7/25/2016
Insurance 1: 202050 GEICO
Insurance 2: 404626 BC BLUE SELECT (QHP-MAR

PAPPAS,KAREN EDNA
5107 ARLINGTON ROAD
COCOA, FL 32927

## Charges

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 7/25/2016 | HR Radiology | 15315 | HR XR FOOT MIN 3 VIEWS RIGHT | 1 | $503.78 |
| 7/25/2016 | HR Radiology | 15354 | HR XR WRIST MIN 3 VIEWS LEFT | 1 | $490.00 |
| | | | **Total Charges** | | **$993.78** |

## Adjustments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 7/29/2016 | | A5000 | CONTRACTUAL ADJUSTMENT | 1 | ($771.04) |
| 8/16/2016 | | A5050 | CONT ADJ - OTHER ADJ | 1 | $771.04 |
| | | | **Total Adjustments** | | **$0.00** |

## Payments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 6/15/2016 | | I2000 | PYMT - COMMERCIAL INS | 1 | $0.00 |
| 9/2/2016 | | I2100 | PYMT - INSURANCE ERA | 1 | ($42.49) |
| | | | **Total Payments** | | **($42.49)** |

## Holmes Regional Medical Center

1350 South Hickory Street, Melbourne, FL 32901

H1620400286
PAPPAS,KAREN EDNA

| Remaining Balance | $951.29 |

For billing or payment related questions please contact Customer Service:

Phone: (877) 254-9239

Hours: 8:00AM - 8:00PM EST Monday - Thursday
8:00AM - 6:00PM EST Friday

Please contact the Member Services Department of your Insurance carrier and/or refer to your plan coverage documents to verify possible co-payments, co-insurances, and deductibles that may be your responsibility.

If you were a patient at one of our hospitals or facilities, you may also receive bills from other physicians or providers who were involved with your care.

## Holmes Regional Medical Center
1350 South Hickory Street, Melbourne, FL 32901

H1616200057
PAPPAS,KAREN EDNA

PAPPAS,KAREN EDNA
5107 ARLINGTON ROAD
COCOA, FL 32927

Request Date: 6/13/2016

Account: H1616200057
Admission: 6/10/2016
Discharge: 6/15/2016
Insurance 1: 202050 GEICO
Insurance 2: 404825 BC BLUE SELECT (QHP-MAR

## Charges

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 6/10/2016 | HR Central/Distribut | 67159 | SET,IV PRIMARY PUMP PLUM 51674 | 1 | $26.28 |
| 6/10/2016 | HR Laboratory SoftLab | 42001 | RH - CHRG ONLY | 1 | $41.93 |
| 6/10/2016 | HR Laboratory SoftLab | 42079 | ABO&RH VERIFY - CHRG ONLY ZZ | 1 | $0.00 |
| 6/10/2016 | HR Laboratory SoftLab | 42060 | ABO VERIFY - CHRG ONLY | 1 | $0.00 |
| 6/10/2016 | HR Laboratory SoftLab | 42000 | ABO - CHRG ONLY | 1 | $41.93 |
| 6/10/2016 | HR Laboratory SoftLab | 40010 | ANTIBODY SCREEN | 1 | $79.66 |
| 6/10/2016 | HR Laboratory SoftLab | 99959 | VENIPUNCTURE - CHRG ONLY | 1 | $16.00 |
| 6/10/2016 | HR Laboratory SoftLab | 42061 | RH VERIFY - CHRG ONLY | 1 | $0.00 |
| 6/10/2016 | HR Nursing Room/Bed | 12110 | ORTHO SEMIPRIVATE | 1 | $1,856.83 |
| 6/10/2016 | HR Pharmacy | 22187 | MORPHINE SULFATE 4MG/ML INJ | 1 | $110.70 |
| 6/10/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/10/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/10/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | -1 | ($10.75) |
| 6/10/2016 | HR Pharmacy | 22187 | MORPHINE SULFATE 4MG/ML INJ | 1 | $110.70 |
| 6/10/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/10/2016 | HR Pharmacy | 24991 | ZOFRAN 4MG/2ML INJ | 1 | $99.75 |
| 6/10/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/10/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/10/2016 | HR Pharmacy | 24101 | LOVENOX 40MG/0.4ML INJ | 1 | $103.70 |
| 6/10/2016 | HR Pharmacy | 12009 | BACITRACIN TOP OINT 30GM | 1 | $29.40 |
| 6/10/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | -2 | ($21.50) |
| 6/10/2016 | HR Pharmacy | 24991 | ZOFRAN 4MG/2ML INJ | 1 | $99.75 |
| 6/10/2016 | HR Radiology | 12372 | HR CT FOOT R W/O CONTRAST | 1 | $2,084.89 |
| 6/10/2016 | HR Radiology | 12009 | HR CT 3D RENDERING W/POSTPROCESS | 1 | $1,346.68 |
| 6/10/2016 | HR Trauma Center | 10004 | ACTIVATION TRAUMA RESPONSE FOR C | 1 | $10,000.00 |
| 6/10/2016 | HR Trauma Center | 11005 | ED LEVEL V | 1 | $2,150.72 |
| 6/10/2016 | HR Trauma Center | 90170 | IV FLUID | 1 | $133.00 |
| 6/11/2016 | HR Laboratory SoftLab | 21435 | POCT GLUCOSE METER | 1 | $22.46 |
| 6/11/2016 | HR Nursing Room/Bed | 12110 | ORTHO SEMIPRIVATE | 1 | $1,856.83 |
| 6/11/2016 | HR Pharmacy | 26491 | TYLENOL EQ 325MG TAB | 2 | $2.25 |
| 6/11/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |

## Holmes Regional Medical Center

**1350 South Hickory Street, Melbourne, FL 32901**

H1616200057
PAPPAS, KAREN EDNA

| | | | | | |
|---|---|---|---|---|---|
| 6/11/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | 1 | $102.70 |
| 6/11/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | -1 | ($102.70) |
| 6/11/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 1 | $10.75 |
| 6/12/2016 | HR Anesthesia | 10022 | IP ANES/MIN CHARGE | 136 | $5,378.88 |
| 6/12/2016 | HR Anesthesia | 99044 | CANNULA O2 ORAL NASAL SMART MAG | 1 | $36.19 |
| 6/12/2016 | HR Laboratory SoftLab | 10200 | CBC WITHOUT AUTO DIFF WBC | 1 | $122.72 |
| 6/12/2016 | HR Laboratory SoftLab | 99999 | VENIPUNCTURE - CHRG ONLY | 1 | $16.00 |
| 6/12/2016 | HR Laboratory SoftLab | 20470 | CHEM 8 | 1 | $151.96 |
| 6/12/2016 | HR Nursing Room/Bed | 12110 | ORTHO SEMIPRIVATE | 1 | $1,856.83 |
| 6/12/2016 | HR PACU/Recovery Rm | 10023 | IP PACU/MIN CHARGE | 68 | $2,289.56 |
| 6/12/2016 | HR Pharmacy | 24685 | ROBINUL EQ. 0.2MG/ML 20ML INJ | 1 | $128.00 |
| 6/12/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 2 | $221.40 |
| 6/12/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | 1 | $102.70 |
| 6/12/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 1 | $110.70 |
| 6/12/2016 | HR Pharmacy | 22090 | FENTANYL 50MCG/ML 2ML INJ | 1 | $109.60 |
| 6/12/2016 | HR Pharmacy | 24507 | DECADRON EQ. 4MG/ML INJ | 1 | $100.00 |
| 6/12/2016 | HR Pharmacy | 24991 | ZOFRAN 4MG/2ML INJ | 1 | $99.75 |
| 6/12/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | -1 | ($102.70) |
| 6/12/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 2 | $221.40 |
| 6/12/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/12/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/12/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | -1 | ($102.70) |
| 6/12/2016 | HR Pharmacy | 24686 | ROBINUL EQ. 0.2MG/1ML INJ | 2 | $213.10 |
| 6/12/2016 | HR Pharmacy | 24461 | ANCEF EQ. 1GM INJ | 1 | $100.00 |
| 6/12/2016 | HR Pharmacy | 13649 | LACRI-LUBE OPHTH OINTMENT 3.5GM | 1 | $28.60 |
| 6/12/2016 | HR Pharmacy | 22162 | VERSED 2MG/2ML INJ | 1 | $109.60 |
| 6/12/2016 | HR Pharmacy | 24341 | NEOSTIGMINE 3MG/3ML INJ SRYG | 1 | $131.80 |
| 6/12/2016 | HR Pharmacy | 24220 | LIDOCAINE HCL 2% 5ML INJ | 1 | $100.15 |
| 6/12/2016 | HR Pharmacy | 24337 | NIMBEX 10MG/5ML INJ | 1 | $108.35 |
| 6/12/2016 | HR Pharmacy | 24991 | ZOFRAN 4MG/2ML INJ | 1 | $99.75 |
| 6/12/2016 | HR Pharmacy | 24685 | ROBINUL EQ. 0.2MG/ML 20ML INJ | -1 | ($128.00) |
| 6/12/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | 1 | $102.70 |
| 6/12/2016 | HR Pharmacy | 24532 | EPHEDRINE SULFATE 50MG/ML INJ | 1 | $108.40 |
| 6/12/2016 | HR Pharmacy | 24233 | NEO-SYNEPHRINE 100 MCG/ML INJ SYR | 1 | $102.95 |
| 6/12/2016 | HR Pharmacy | 22090 | FENTANYL 50MCG/ML 2ML INJ | 1 | $109.60 |
| 6/12/2016 | HR Pharmacy | 24614 | DIPRIVAN 200MG/20ML INJ | 1 | $101.20 |
| 6/12/2016 | HR Pharmacy | 22091 | FENTANYL 50MCG/ML 5ML INJ | 1 | $109.35 |
| 6/12/2016 | HR Radiology | 15295 | HR XR ANKLE MIN 3 VIEWS RIGHT | 1 | $658.79 |
| 6/12/2016 | HR Radiology | 15370 | HR XR WRIST 2 VIEWS LEFT | 1 | $440.00 |
| 6/12/2016 | HR Radiology | 15405 | HR XR FLUORO FOR OR/GI LAB PROC | 1 | $0.00 |
| 6/12/2016 | HR Radiology | 15405 | HR XR FLUORO FOR OR/GI LAB PROC | 1 | $0.00 |
| 6/12/2016 | HR Radiology | 15315 | HR XR FOOT MIN 3 VIEWS RIGHT | 1 | $503.78 |
| 6/12/2016 | HR Surgery Procedure | 86507 | SCREW CL 7P (60-70) | 5 | $1,519.00 |
| 6/12/2016 | HR Surgery Procedure | 78613 | PACK, EXTREMITY | 1 | $129.17 |

# Holmes Regional Medical Center
**1350 South Hickory Street, Melbourne, FL 32901**

H1616200057
PAPPAS,KAREN EDNA

| Date | Department | Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 6/12/2016 | HR Surgery Procedure | 86404 | SUTURE CL 4 (10-17) | 1 | $90.78 |
| 6/12/2016 | HR Surgery Procedure | 86606 | PIN CL 6 (25-40) | 1 | $163.60 |
| 6/12/2016 | HR Surgery Procedure | 10021 | IP SURMIN CHARGE | 136 | $20,113.04 |
| 6/12/2016 | HR Surgery Procedure | 86508 | SCREW CL BP (70-80) | 6 | $2,083.20 |
| 6/12/2016 | HR Surgery Procedure | 86404 | SUTURE CL 4 (10-17) | 1 | $90.78 |
| 6/12/2016 | HR Surgery Procedure | 86483 | BIT CL 13 (120-140) | 3 | $1,696.80 |
| 6/12/2016 | HR Surgery Procedure | 79574 | CUFF, TOURNIQUET 30-44" DISP | 1 | $133.02 |
| 6/12/2016 | HR Surgery Procedure | 79574 | CUFF, TOURNIQUET 30-44" DISP | 1 | $133.02 |
| 6/12/2016 | HR Surgery Procedure | 86514 | SCREW CL 14P (130-140) | 2 | $1,262.80 |
| 6/12/2016 | HR Surgery Procedure | 86531 | STAPLERS,PRELOADED CL 1 (4-10) | 1 | $58.40 |
| 6/12/2016 | HR Surgery Procedure | 86688 | PLATE CL 39 (1400-1500) | 1 | $6,765.00 |
| 6/12/2016 | HR Surgery Procedure | 86531 | STAPLERS,PRELOADED CL 1 (4-10) | 1 | $58.40 |
| 6/12/2016 | HR Surgery Procedure | 86480 | BIT CL 10 (70-80) | 2 | $694.40 |
| 6/12/2016 | HR Surgery Procedure | 86678 | PLATE CL 28 (700-750) | 1 | $3,382.50 |
| 6/13/2016 | HR Laboratory SoftLab | 10080 | COMPLETE CBC W/AUTO DIFF WBC | 1 | $168.27 |
| 6/13/2016 | HR Laboratory SoftLab | 99999 | VENIPUNCTURE - CHRG ONLY | 1 | $16.00 |
| 6/13/2016 | HR Laboratory SoftLab | 74440 | VITAMIN D 1,25-DIHYDROXY | 1 | $90.00 |
| 6/13/2016 | HR Laboratory SoftLab | 21365 | PARATHY.HORMONE-INTACT(ONLY PTH) | 1 | $267.28 |
| 6/13/2016 | HR Laboratory SoftLab | 21790 | THYROID STIMULATING HORMONE | 1 | $139.78 |
| 6/13/2016 | HR Laboratory SoftLab | 20370 | CALCIUM, IONIZED | 1 | $134.18 |
| 6/13/2016 | HR Laboratory SoftLab | 99999 | VENIPUNCTURE - CHRG ONLY | 1 | $16.00 |
| 6/13/2016 | HR Laboratory SoftLab | 20470 | CHEM 8 | 1 | $161.88 |
| 6/13/2016 | HR Nursing Room/Bed | 12110 | ORTHO SEMIPRIVATE | 1 | $1,856.83 |
| 6/13/2016 | HR Pharmacy | 24591 | ZOFRAN 4MG/2ML INJ | -1 | ($99.75) |
| 6/13/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | -2 | ($21.50) |
| 6/13/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | 1 | $102.70 |
| 6/13/2016 | HR Pharmacy | 24591 | ZOFRAN 4MG/2ML INJ | 1 | $99.75 |
| 6/13/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/13/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/13/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 2 | $221.40 |
| 6/13/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/13/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 2 | $221.40 |
| 6/13/2016 | HR Pharmacy | 22168 | MORPHINE SULFATE 2MG/1ML 1ML INJ | 2 | $221.40 |
| 6/13/2016 | HR Pharmacy | 21350 | ANCEF 1GM/D5 50ML | 1 | $102.70 |
| 6/13/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/13/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/13/2016 | HR Pharmacy | 24101 | LOVENOX 40MG/0.4ML INJ | 1 | $103.70 |
| 6/13/2016 | HR Rehab Services | 11709 | PT EVALUATION INITIAL,THERAPY | 1 | $352.00 |
| 6/13/2016 | HR Rehab Services | 12734 | OT HOME MANAGEMENT/15 MIN | 1 | $164.00 |
| 6/13/2016 | HR Rehab Services | 12711 | OT EVALUATION INITIAL,THERAPY | 1 | $327.00 |
| 6/13/2016 | HR Rehab Services | 11733 | PT THERAPEUTIC ACTIVITIES/15 MIN | 1 | $199.00 |
| 6/14/2016 | HR Laboratory SoftLab | 10080 | COMPLETE CBC W/AUTO DIFF WBC | 1 | $168.27 |
| 6/14/2016 | HR Laboratory SoftLab | 20470 | CHEM 8 | 1 | $161.88 |
| 6/14/2016 | HR Laboratory SoftLab | 99999 | VENIPUNCTURE - CHRG ONLY | 1 | $16.00 |

## Holmes Regional Medical Center

1350 South Hickory Street, Melbourne, FL 32901

H1616200057
PAPPAS,KAREN EDNA

| Date | Department | Code | Description | Qty | Amount |
|------|-----------|------|-------------|-----|--------|
| 6/14/2016 | HR Nursing Room/Bed | 12110 | ORTHO SEMIPRIVATE | 1 | $1,855.83 |
| 6/14/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 1 | $10.75 |
| 6/14/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/14/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/14/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 1 | $10.75 |
| 6/14/2016 | HR Pharmacy | 24101 | LOVENOX 40MG/0.4ML INJ | 1 | $103.70 |
| 6/14/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/14/2016 | HR Rehab Services | 11733 | PT THERAPEUTIC ACTIVITIES/15 MIN | 1 | $199.00 |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 1 | $10.75 |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | -2 | ($21.50) |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 2 | $21.50 |
| 6/15/2016 | HR Pharmacy | 24101 | LOVENOX 40MG/0.4ML INJ | 1 | $103.70 |
| 6/15/2016 | HR Pharmacy | 26155 | COLACE EQ. 100MG CAP | 1 | $6.30 |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | -1 | ($10.75) |
| 6/15/2016 | HR Pharmacy | 22217 | PERCOCET 5-325MG TAB | 1 | $10.75 |
| 6/15/2016 | HR Rehab Services | 11733 | PT THERAPEUTIC ACTIVITIES/15 MIN | 1 | $199.00 |
| 6/15/2016 | HR Rehab Services | 12734 | OT HOME MANAGEMENT/15 MIN | 1 | $164.00 |
| | | | **Total Charges** | | **$80,397.13** |

## Adjustments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 6/20/2016 | | A5000 | CONTRACTUAL ADJUSTMENT | 1 | ($62,676.47) |
| 7/27/2016 | | A5060 | CONT ADJ - OTHER ADJ | 1 | $62,676.47 |
| 7/27/2016 | | A5060 | CONT ADJ - C/A 2ND | 1 | ($68,574.70) |
| 8/29/2016 | | A5060 | CONT ADJ - C/A 2ND | 1 | $68,574.70 |
| 8/30/2016 | | A5000 | CONTRACTUAL ADJUSTMENT | 1 | ($62,676.47) |
| 8/30/2016 | | A5000 | CONTRACTUAL ADJUSTMENT | 1 | $62,676.47 |
| | | | **Total Adjustments** | | **$0.00** |

## Payments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 7/26/2016 | | I2000 | PYMT - COMMERCIAL INS | 1 | $0.00 |
| 8/26/2016 | | I2100 | PYMT - INSURANCE ERA | 1 | ($1,725.02) |
| 8/29/2016 | | I2020 | PYMT - HMO MANAGED CARE | 1 | ($1,725.02) |
| 8/29/2016 | | I2070 | PYMT - PPO/PDS MANAGED CARE | 1 | $1,725.02 |
| | | | **Total Payments** | | **($1,725.02)** |

**Holmes Regional Medical Center**

1350 South Hickory Street, Melbourne, FL 32901

H1616200057
PAPPAS, KAREN EDNA

Remaining Balance                                                $78,672.11

For billing or payment related questions please contact Customer Service:

   Phone: (877) 254-9239

   Hours: 8:00AM - 9:00PM EST Monday - Thursday
             8:00AM - 5:00PM EST Friday

Please contact the Member Services Department of your insurance carrier and/or refer to your plan
coverage documents to verify possible co-payments, co-insurances, and deductibles that may be your
responsibility.

If you were a patient at one of our hospitals or facilities, you may also receive bills from other physicians or
providers who were involved with your care.

# Holmes Regional Medical Center
1350 South Hickory Street, Melbourne, FL 32901

H1625001026
PAPPAS,KAREN EDNA

Request Date: 6/13/2018

PAPPAS,KAREN EDNA
5107 ARLINGTON ROAD
COCOA, FL 32927

Account: H1625001026
Admission: 9/7/2016
Discharge: 9/7/2016
Insurance 1: 202050 GEICO
Insurance 2: 404826 BC BLUE SELECT (QHP-MAR

## Charges

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 9/7/2016 | HR Radiology | 15295 | HR XR ANKLE MIN 3 VIEWS RIGHT | 1 | $658.79 |
| 9/7/2016 | HR Radiology | 15354 | HR XR WRIST MIN 3 VIEWS LEFT | 1 | $490.00 |
| | | | **Total Charges** | | **$1,148.79** |

## Adjustments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 9/11/2016 | | A6000 | CONTRACTUAL ADJUSTMENT | 1 | ($858.17) |
| 9/28/2016 | | A5050 | CONT ADJ - OTHER ADJ | 1 | $858.17 |
| | | | **Total Adjustments** | | **$0.00** |

## Payments

| Date | Department | Code | Transaction Description | Quantity | Amount |
|------|-----------|------|------------------------|----------|--------|
| 9/27/2016 | | I2000 | PYMT - COMMERCIAL INS | 1 | $0.00 |
| 10/28/2016 | | I2100 | PYMT - INSURANCE ERA | 1 | ($42.49) |
| | | | **Total Payments** | | **($42.49)** |

## Holmes Regional Medical Center
**1350 South Hickory Street, Melbourne, FL 32901**

H1625001026
PAPPAS, KAREN EDNA

| Remaining Balance | $1,106.30 |
|---|---|

For billing or payment related questions please contact Customer Service:

Phone: (877) 264-9239

Hours: 8:00AM - 9:00PM EST Monday - Thursday
8:00AM - 5:00PM EST Friday

Please contact the Member Services Department of your insurance carrier and/or refer to your plan coverage documents to verify possible co-payments, co-insurances, and deductibles that may be your responsibility.

If you were a patient at one of our hospitals or facilities, you may also receive bills from other physicians or providers who were involved with your care.

**PAPPAS, KAREN** ▪

Date of Birth: 4▪▪▪▪

Date of Admission: 12/15/16

Date of Discharge: 12/15/16

Account Number: 1825221

*Page 1 of 2*

*Wuesthoff Medical Center - Rockledge*

*Account Summary: Detail Charges,*
*Adjustments, and Payments*

## Charges Detail

| Charge Date | Charge Dept | Charge Revenue Code | Charge Code | Charge Description | Charge Qty | Rate | Charge Amount |
|---|---|---|---|---|---|---|---|
| 12/15/2016 | 412 | 0250 | 18140 | IBUPROFEN 200MG | 3 | $11.58 | $34.74 |
| 12/15/2016 | 428 | 0320 | 73562 | KNEE 3V | 1 | $1,304.50 | $1,304.50 |
| 12/15/2016 | 441 | 0921 | 00210 | VENOUS COMPRESS | 1 | $612.25 | $612.25 |
| 12/15/2016 | 480 | 0450 | 00515 | ER DEPT INTERMED | 1 | $1,338.51 | $1,338.51 |
| | | | | | | **Total Charges:** | **$3,290.00** |

## Adjustments Detail

| Adjustment Date | Adjustment Code | Adjustment Description | Adjustment Amount |
|---|---|---|---|
| | | **Total Adjustments:** | **($0.00)** |

## Payments Detail

| Payment Date | Payor Code | Payer Name | Payment Amount |
|---|---|---|---|
| 2/13/2017 | 200FL1 | BLUE CROSS FLORIDA PPO | $0.00 |
| 2/13/2017 | 200FL1 | BLUE CROSS FLORIDA PPO | $0.00 |
| 12/28/2016 | 200FL1 | BLUE CROSS FLORIDA PPO | $0.00 |
| | | **Total Payments:** | **($0.00)** |

## Balance $3,290.00

This itemized statement is provided by a FOR PROFIT HOSPITAL LICENSED BY THE STATE OF FLORIDA pursuant to Florida Statues Title XXIX Public Health Section 395.001 relating to itemized patient bill. Expressly note; (a) Charge and adjustment codes have multiple uses and may be related but not exactly as stated in the generic description and (b) Commercial and governmental medical insurance payments are subject to coordination of benefits - any third party settlement must be considered primary and at such time the commercial and governmental medical insurance payments and adjustments must be refunded leaving the remaining balance due from the related third party settlement. For any questions related to this report, contact Patient Financial Services .

# EXHIBIT D

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,                                          CASE: 05-2016-CA-53532

     Plaintiff,

vs.                                                    **PLURIES SUMMONS**

THOMAS CHOI,

     Defendant.

_____/

## NOTICE OF FILING RETURN OF SERVICE

The undersigned attorney, Douglas R. Beam, files this Notice of Filing for the following:

Return of Service and Pluries Summons as to Defendant, Thomas Choi.

Dated this 10 day of March, 2017.

> Douglas R. Beam, P.A.
> 25 West New Haven Avenue, Suite C
> P.O. Box 640
> Melbourne, FL 32902-0640
> (321) 723-6591
> (321) 723-5926
> eservice1@dougbeam.com
> eservice2@dougbeam.com
> Lawyers for Plaintiff
>
> By: _Jessica J. Travis_
> Douglas R. Beam
> Florida Bar 0515604
> Jessica J. Travis
> Florida Bar 76701

## RETURN OF SERVICE

**State of FLORIDA**          **County of BREVARD**          **18th Judicial Circuit Court**

Case Number: 05-2016-CA-53532

Plaintiff:
**KAREN PAPPAS**
vs.
Defendant:
**THOMAS CHOI**

For: Douglas Beam
    Douglas R. Beam, Esq.

Received by JOSEPH CARRANO INVESTIGATIONS on the 21st day of February, 2017 at 1:53 pm to be served on THOMAS CHOI, 2061 OLD GEORGIAN TERRACE NW, ATLANTA, GA 30318-1073. I, _Michael Rivers_ , do hereby affirm that on the _4th_ day of _March_ , 20_17_ at _2_ : _30_ _p_.m., executed service by delivering a true copy of the **PLURIES SUMMONS AND COMPLAINT** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving _Michael Ng_ _____ as
_CO-resident_ _____ .

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_[signature]_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**JOSEPH CARRANO INVESTIGATIONS**
**927 E. New Haven Ave**
**Room 202**
**Melbourne, FL 32901**
(321) 723-0120
Our Job Serial Number: 2017000176

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m

Filing # 52555133 E-Filed 02/15/2017 04:28:33 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,                                          CASE: 05-2016-CA-53532

     Plaintiff,

vs.                                                    **PLURIES SUMMONS**

THOMAS CHOI,

     Defendant.

_____/

TO:   Thomas Choi
      2061 Old Georgian Ter NW
      Atlanta, GA 30318-1073

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una

00108603-1

1

llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del case y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANTE**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligaitons juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney
Douglas R. Beam
Douglas R. Beam, P.A.
Suite C, 25 W. New Haven Ave.
P.O. Box 640
Melbourne, FL 32902-0640
(321) 723-6591
Florida Bar 0515604
Attorney for Plaintiff

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor, Viera, Florida, 32940-8006, (321) 633-2171 ext. 2 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant(s):

TO:   Thomas Choi
      2061 Old Georgian Ter NW
      Atlanta, GA 30318-1073

DATED: February ___17___, 2017.

(SEAL)

                    CLERK OF THE CIRCUIT COURT
                         SCOTT ELLIS
                    As Clerk of the Court

                    By: _____
                         Deputy Clerk

00108603-1                    3