1614463

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL
CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO.  05-2016-CA-053532-XXXX-XX

KAREN PAPPAS,

   Plaintiff,

v.

THOMAS CHOI,

   Defendant.

_____/

## DEFENDANT, THOMAS CHOI'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, THOMAS CHOI, by and through his undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

1.      The allegations contained in paragraph "1" of Plaintiff's Complaint are denied.

2.      The Defendant is without knowledge as to the allegations contained in paragraph "2" of Plaintiff's Complaint, therefore said allegations are denied.

3.      The allegations contained in paragraph "3" of Plaintiff's Complaint are denied.

4.      The allegations contained in paragraph "4" of Plaintiff's Complaint are denied.

5.      The allegations contained in paragraph "5" of Plaintiff's Complaint are denied.

CASE NO.

6.      The allegations contained in paragraph "6" of Plaintiff's Complaint are denied.

7.      The allegations contained in paragraph "7" of Plaintiff's Complaint are denied.

8.      The allegations contained in paragraph "8" of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, THOMAS CHOI, demands judgment be entered on his behalf and against the Plaintiff, KAREN PAPPAS, the costs of defending this action be awarded to him and any such judgment and any and all further relief the court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff was under an affirmative duty to exercise due care in her own regard, but not withstanding said duty he so negligently and carelessly conducted herself in the premises that her conduct was the sole and proximate cause of, or contributing cause to the events of which she now complains.  Her right to recovery is therefore defeated or diminished as a result of said conduct under the Doctrine of Comparative Negligence.

2.      At all times and materially hereto, the alleged accident occurred above and beyond the foresight of a reasonably person and was caused by the actions and/or omissions of third party and conditions beyond the control of the Defendant herein. Therefore, Plaintiff is barred from recovery against this Defendant.

CASE NO.

3.      Defendant is entitled to all benefits, defenses and protections of the Tort Reform Act of 1986, Florida Statute § 768.71 thorough § 768.81 and the Tort Reform Act of 1999 where said acts are applicable.

4.      Plaintiff failed to meet the requirement of the Florida No-Fault Law and does not have a permanent injury and damages; therefore Plaintiff's claim should be restricted accordingly.

5.      The recovery of Plaintiff if at all should be reduced by PIP benefits of hospital benefits or any collateral sources of benefits.

6.      Plaintiff was under duty to mitigate damages but, notwithstanding that duty failed to self-mitigate.  Her recovery is therefore diminished as a result of said conduct.

7.      Plaintiff had available for her use a seatbelt which was fully operational that if it had been utilized Plaintiff's injuries, if any, would have been substantially reduced or prevented.  As a result of Plaintiff's failure to utilize the seatbelt Plaintiff's damages, in any, should be reduced accordingly.

8.      Defendant is entitled to any set-offs from monies paid by third parties.

9.      Pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) and Florida Statute § 768.81, Defendant reserves the right to place non-parties on the verdict form at trial as joint tortfeasors whose fault caused or contributed to the subject incident and/or damages allegedly sustained by the Plaintiff.

10.     The medical charges submitted by Plaintiff or on her behalf were not reasonable, necessary or related medical treatment.

11.     The charges submitted by Plaintiff or on her behalf exceed the usual, customary and reasonable amounts for services rendered in this geographic area.

CASE NO.

## DEMAND FOR JURY TRIAL

Defendant, THOMAS CHOI, hereby demands trial by jury on all issues so triable as a matter of right and law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by service through the eportal to Douglas R. Beam, Esq., Douglas R. Beam, P.A., 25 W. New Haven Ave., Melbourne, FL 32902-0640, Attorney for Plaintiff, dougbeam@dougbeam.com on this 17th day of March, 2017.

CONROY SIMBERG
Two South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone:  (407) 649-9797
Facsimile:  (407) 649-1968
Primary Email:  eserviceorl@conroysimberg.com
Secondary Email:  jmorrow@conroysimberg.com

By:   /s/ Jeffrey A. Carter
       Jeffrey A. Carter, Esquire
       Florida Bar No. 090832