

**null / ALL**
**Transmittal Number: 21366335**
**Date Processed: 04/02/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Gail Patton<br>Space Exploration Technologies Corp.<br>1 Rocket Rd<br>Hawthorne, CA 90250-6844 |
| **Electronic copy provided to:** | Sally Weaver |
| **Entity:** | Space Exploration Technologies Corp.<br>Entity ID Number  2112254 |
| **Entity Served:** | Space Exploration Technologies Corp. d/b/a Spacex |
| **Title of Action:** | Karen Pappas vs. Space Exploration Technologies Corp. d/b/a Spacex |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Brevard County Circuit Court, FL |
| **Case/Reference No:** | 05-2016-CA-53532 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 04/02/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Douglas R. Beam<br>321-723-6591 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 105315943 E-Filed 03/23/2020 05:19:36 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,

       Plaintiff,                  CASE 05-2016-CA-53532

v.

                                  **SUMMONS**

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

                                    APR 0 2 2020             11:20a

       Defendants.                    Served Date: _____ Time: _____

                                        Christopher Kady #237
                                        2nd Judicial Circuit

TO: SPACE EXPLORATION TECHNOLOGIES CORP.
       d/b/a SPACEX, a foreign profit corporation
       c/o Registered Agent – Corporation Service Company
       1201 Hays Street
       Tallahassee, Florida 32301-2525

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del case y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligaitons juridiques et vous pouvez requerir les services

immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de

reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en

meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au

"Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

DOUGLAS R. BEAM, P.A.
Florida Bar 0515604
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
(321) 723-5926
eservice1@dougbeam.com
eservice2@dougbeam.com
Lawyers for Plaintiff

♿ If you are a person with a disability who needs any accommodation in order to participate in
this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please
contact the ADA Coordinator at Court Administration, 2825 Judge Fran Jamieson Way, 3rd floor,
Viera, Florida, 32940-8006, (321) 633-2171 ext. 2 at least 7 days before your scheduled court
appearance, or immediately upon receiving this notification if the time before the scheduled
appearance is less than 7 days; if you are hearing or voice impaired, call 711.

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this
lawsuit on the above-named defendant(s):

TO:   SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX, a foreign profit
      corporation
      c/o Registered Agent – Corporation Service Company
      1201 Hays Street
      Tallahassee, Florida 32301-2525

DATED: March __25TH__, 2020.

(SEAL)                          CLERK OF THE CIRCUIT COURT
                                SCOTT ELLIS
                                As Clerk of the Court

                                By_____ *Cheryl Spaur* _____
                                     Deputy Clerk

Filing # 105096023 E-Filed 03/18/2020 02:56:23 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,                                CASE 05-2016-CA-53532

       Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

       Defendants.

_____/

**AMENDED COMPLAINT**

Plaintiff, Karen Pappas, sues Defendants Space Exploration Technologies Corp. d/b/a SpaceX, a foreign profit corporation, and Thomas Choi, and alleges:

1.     This is a claim for damages in excess of $30,000.00, exclusive of interest and costs, and for trial by jury of all issues so triable as of right by jury.

2.     At all times material to this Complaint, Karen Pappas was *sui juris* and a resident of Brevard County, Florida.

3.     At all times material hereto, Defendant, Space Exploration Technologies Corp. d/b/a SpaceX was a foreign profit corporation authorized and doing business in Brevard County, Florida.

4.     At all times material hereto, Defendant, Thomas Choi was *sui juris* and a resident of Brevard County, Florida, a non-resident, or a resident of Florida who subsequently became a non-resident or a resident of Florida concealing his whereabouts.

5.     At all times material hereto, Plaintiff, Karen Pappas, was the owner, lessee or was otherwise in possession and control of a motor vehicle which was involved in a crash on or about June 9, 2016, in Brevard County, Florida.

6.     On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

7.     On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida, so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

8.     As a result of the crash, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering.

**COUNT ONE**
**NEGLIGENCE OF SPACE EXPLORATION TECHNOLOGIES CORP.**
**D/B/A SPACEX**

9.     The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10.     On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

11.     On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Brevard County, Florida.

12.     Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

2

13.     Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests.  Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it:  a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX.   Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

14.     Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

15.     Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

16.     Space Exploration Technologies Corp. d/b/a SpaceX's business interests were advanced by the function which gave Space Exploration Technologies Corp. d/b/a SpaceX an opportunity to interact with its employees, including Thomas Choi.  The purpose of the function was to improve the employer/employee relationship and to transact business of Space Exploration Technologies Corp. d/b/a SpaceX by: a) providing a means for employees to meet other employees, including interns; b) allowing them to learn about other Space Exploration

3

Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisting Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) providing the employees, including interns, with the names and contact information for businesses that Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce them to its supervisors and/or other employees Thomas Choi will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX.  Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

17.    Space Exploration Technologies Corp. d/b/a SpaceX knew that Thomas Choi was intoxicated and was not in a condition to drive.

18.    Space Exploration Technologies Corp. d/b/a SpaceX had the ability to control Thomas Choi, but it negligently failed to exercise that control when it let Thomas Choi drive while intoxicated.

19.    Space Exploration Technologies Corp. d/b/a SpaceX was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated.

20.    Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated.

21.    Thomas Choi operated his vehicle in a negligent manner so that he crashed his motor vehicle into a motor vehicle operated by Karan Pappas.

22.    As a result of the incident, Karen Pappas suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

life, and the expenses for hospitalization, medical care and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition, which losses are either permanent or continuing and plaintiff will suffer such loses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

**COUNT TWO**
**VICARIOUS LIABILITY OF**
**SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX**
**FOR NEGLIGENCE OF THOMAS CHOI**

23.  The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

24.  On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

25.  On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Florida.

26.  Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

27.  Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests. Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it: a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c)

5

assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

28.    In attending the event, Thomas Choi acted within the scope of his employment and at the direction of Space Exploration Technologies Corp. d/b/a SpaceX.

29.    Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

30.    Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

31.    Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

32.    Thomas Choi was intoxicated and was not in a condition to drive.

33.    Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated, crashing it into the motor vehicle operated by the Plaintiff, Karen Pappas.

34.    Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the actions of its employee Choi, taken while he was acting within the scope of his employment.

35.    As a result of the negligence of Thomas Choi in acting within the scope of his employment, the Plaintiff, Karen Pappas, was injured. Under the doctrine of respondeat

superior, Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the injuries caused to Plaintiff by Thomas Choi.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

### COUNT THREE
### NEGLIGENCE OF THOMAS CHOI

36.     The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

37.     On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

38.     On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida.

39.     At that time and place, Defendant, Thomas Choi owed the Plaintiff the duty to maintain and/or operate said vehicle with ordinary and reasonable care so as not to injure Plaintiff, Karen Pappas, or damage her property.

40.     At that time and place, Defendant, Thomas Choi negligently operated or maintained said motor vehicle so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

41.     As a result of Thomas Choi's negligence, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings

7

and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Thomas Choi, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that on this _18th_ day of March 2020, a copy of the foregoing document has been provided to Jeffrey A. Carter, Esq., Conroy Simberg, Two South Orange Avenue Suite 300, Orlando, Florida 32801 via electronic transmission to eserviceorl@conroysimberg.com and jmorrow@conroysimberg.com.

DOUGLAS R. BEAM, P.A.
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
(321) 723-5926
eservice1@dougbeam.com
eservice2@dougbeam.com
Lawyers for Plaintiff

Douglas R. Beam
Florida Bar 0515604
Riley H. Beam
Florida Bar 100512
Lori M. Costa
Florida Bar 0014198

8