IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

CASE: 05-2016-CA-53532

KAREN PAPPAS,

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
Corporation, and THOMAS CHOI,

    Defendants.
_____/

## SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER AND AFFIRMATIVE DEFENSES AND MOTION TO DISMISS COUNT I

COMES NOW Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX, (hereinafter "Defendant") by and through undersigned counsel, and pursuant to the Florida Rules of Civil Procedure 1.140, files this Answer and Affirmative Defenses to Plaintiff, KAREN PAPPAS (hereinafter "Plaintiff") Complaint, and states as follows:

1. It is admitted that Plaintiff has alleged damages in excess of the jurisdictional limit, but it is denied Plaintiff is entitled to same from Defendant, or otherwise.

2. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2, and therefore denies same.

3. Admitted.

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4, and therefore denies same.

5. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 5, and therefore denies same.

6. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 6, and therefore denies same.

7. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 7, and therefore denies same.

8. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8, and therefore denies same.

## COUNT ONE
## NEGLIGENCE OF SPACE EXPLORATION TECHNOLOGIES CORP.
## D/B/A SPACEX

Defendant, SPACE EXLORATION TECHNOLOGIES CORP. d/b/a SPACEX, (hereinafter "Defendant") has moved to dismiss Count I of the Amended Complaint.

## COUNT TWO
## VICARIOUS LIABILITY OF
## SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A SPACEX
## FOR NEGLIGENCE OF THOMAS CHOI

23. Defendant restates and re-alleges its responses to the allegations contained in paragraph 1 through 9 as set forth herein and would further state.

24. Defendant admits that on or about June 9, 2016, Thomas Choi was an intern at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County. Any and all other allegations contained in paragraph 24 are denied.

25. Denied as phrased.

26. Denied as phrased.

27. Denied.

28. Denied.

29. Denied.

30. Denied as phrased.

31. Denied.

32. Denied.

33. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 33, and therefore denies same.

34. Denied.

35. Denied.

## COUNT THREE
## NEGLIGENCE OF THOMAS CHOI

36. Defendant restates and re-alleges its responses to the allegations contained in paragraph 1 through 9 as set forth herein and would further state.

37. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

38. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

39. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

40. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

41. This paragraph is not directed at Defendant, therefore no responses is necessary. To the extent a response is necessary, all allegations are denied.

42. Any allegation herein not specifically admitted is hereby denied.

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

43. Defendant demands trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. As a First Affirmative Defense, Defendant states that Plaintiff has failed to state a claim against Defendant upon which relief may be granted.

2. As a Second Affirmative Defense, this action is subject to the provisions of the Tort Reform Act of 1998.

3. As a Third Affirmative Defense, Defendant states that the Plaintiff's injuries were solely and proximately the result of the actions and/or negligence of other parties, persons, firms, entities or corporations over whom this Defendant had no control or duty to control and whose acts Defendant cannot be held legally responsible or liable for, including, but not limited to, the Plaintiff himself. *See Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993) and Fla. Stat. §768.81. Defendant asserts the right to all set-offs and limitations of liability pursuant to the doctrine of comparative fault. *See Id*. Defendant reserves the right to supplement or modify this Affirmative Defense as discovery is ongoing.

4. As a Fourth Affirmative Defense, Defendant states that the Plaintiff's damages are the result of one or more intervening, superseding causes rather than being a result of any negligence on the part of Defendant, and therefore, the Plaintiff cannot recover against Defendant.

5. As a Fifth Affirmative Defense, Defendant states that any recovery by Plaintiff must be reduced to the extent of collateral sources paid or available to Plaintiff, including but not limited to: any contractual or charitable adjustments or write-offs.

6. As an Sixth Affirmative Defense, Defendant states that at no time or place set forth in the Complaint did any other defendant or third person alleged to be at fault, operate as the agent

Case 6:20-cv-00900-WWB-DCI   Document 1-11   Filed 05/27/20   Page 5 of 11 PageID 101

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

or employee of Defendant, and within the course and scope of any such agency or employment relationship, such that Defendant can be held vicariously liable for his acts.

7. As an Seventh Affirmative Defense, Defendant states that the costs incurred, or paid by Plaintiff, if any, for repair of property damage, medical care, custodial care or rehabilitation services, loss of earning or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from one or more collateral sources, including by or through insurance available to Plaintiff, restitution paid by Thomas Choi, and as such Defendant is entitled to have any award reduced in the amount of such payments.

8. As a Eighth Affirmative Defense, Defendant asserts that Plaintiff failed to mitigate any damages suffered as required under Florida law, and any recovery the Plaintiff may obtain should be proportionately reduced as a result of this failure.

9. As a Ninth Affirmative Defense, Defendant asserts that Plaintiff is not entitled to the recovery of medical expense damages for future medical treatment as such treatment, if any, may be obtained and paid for through the Affordable Care Act (Public Law 111-148).

10. As an Tenth Affirmative Defense, Defendant asserts that Plaintiff has failed, and continues to fail, to mitigate damages arising from medical treatment as such expense, if any, may be paid for through the Affordable Care Act (Public Law 111-148).

11. As a Eleventh Affirmative Defense, Defendant states if there was any negligence that caused or contributed to the Plaintiffs' alleged damages, it was solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of Defendant, and, therefore, Plaintiffs cannot recover against Defendant.

12. Defendant specifically reserves its right to amend and plead any and all Affirmative Defenses that may become known to it during the course of discovery.

### DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX (hereinafter "Defendant") by and through its undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.140(b)(6), and files this Motion to Dismiss Count I of Plaintiff's amended complaint and in support thereof sates as follows:

This suit arises from a motor vehicle accident that occurred on or around June 9, 2016. The action is brought by Karen Pappas ("Plaintiff"), who alleges she was injured after being involved in a motor vehicle accident with Thomas Choi. On March 18, 2020, plaintiff filed a three (3) count complaint alleging two (2) counts against Defendant SpaceX. Count I for direct negligence against Defendant, and Count II for vicarious liability based upon the negligence of co-defendant, Thomas Choi. *See* Plaintiff's Amended Complaint, paragraphs 9 through 35.

Count I of Plaintiff's amended complaint must be dismissed because plaintiff fails to properly allege the elements of a claim for direct negligence and, therefore, fails to state a claim upon which relief may be granted.

### STANDARD OF REVIEW

In filing this motion, Defendant is cognizant of the stringent requirement governing this Court's consideration of a motion to dismiss. Generally, a Rule 1.140(b) motion to dismiss cannot be granted unless the Complaint alleges no set of facts, which if proven would entitle the plaintiff

to relief. "The function of a motion to dismiss a complaint is to raise, as a question of law, the sufficiency of the facts alleged to state a cause of action." *Connolly v. Sebeco, Inc.*, 89 So. 2d 482, 484 (Fla. 1956); *Chiang v. Wildcat Groves, Inc.,* 703 So. 2d 1083 (Fla. 2d DCA 1997). "In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true." *Alvarez v. E&A Produce Corporation,* 708 So. 2d 997, 999-1000 (Fla. 3d DCA 1998).

In order for a plaintiff to survive a motion to dismiss, a complaint must plead a prima facie case. *Id.* Whether plaintiff has pled a prima facie case "depends on the sufficiency of [plaintiff's] allegations of fact, excluding bare conclusions." *Id.* Where the allegations of the complaint do not establish a legal right to relief, and the ultimate facts, if proven, would not establish a cause of action for which relief may be granted, a plaintiff's cause of action may be dismissed. *Newton v. Davis Transport & Rentals, Inc.*, 312 So. 2d 200, 201 (Fla. 1st DCA 1975). In the alternative, a motion for more definitive statement is appropriate for dissipation of vagueness and ambiguity. *FRCP 1.11(e) and (f). Calhous v. Epstein*, 121 So. 2d 828, 830 (Fla. 2d DCA 1960); *Wilson v. Clark*, 414 So. 2d 526, 528 (Fla. 1st DCA 1982).

Here, looking solely to the four corners of the amended complaint, plaintiff has failed to plead allegations giving rise to a legal cause of action for direct negligence against Defendant. Therefore Count I of plaintiff's amended complaint should be dismissed.

**MEMORANDUM OF LAW**

A. **PLAINTIFF FAILS TO PROPERLY ALLEGE ALL ELEMENTS FOR A CAUSE OF ACTION FOR NEGLIGENCE AGAINST SPACE-X**

Defendant, Space Exploration Technologies, Corp.
Answer and Affirmative Defenses and Motion to Dismiss
CASE: 05-2016-CA-53532

Under Florida law, in order to properly plead a cause of action sounding in negligence, a plaintiff must allege: (1) a duty recognized by law to conform one's conduct to a standard for the protection of others against foreseeable and unreasonable risk of injury; (2) a breach of that duty; (3) the breach must be an actual and proximate cause of the injury; and (4) damages. *Estate of Rotell ex. rel. Rotell v. Kuehnle*, 38 So. 3d 783 (Fla. 2d DCA 2010). "The elements of a negligence cause of action are duty, breach, causation, and damages." *Miller By & Through Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th DCA 1997).

Count I of plaintiff's complaint is completely devoid of any allegation containing a direct duty owed by Defendant toward plaintiff, nor any allegation of the breach of said duty. *See* Plaintiff's Amended Complaint, paragraphs 9 through 22. Moreover, Count I of plaintiff's complaint fails to allege any breach of a duty owed by Defendant to plaintiff was the proximate cause of plaintiff's injuries and/or damages. *Id.* The closest plaintiff gets to anything resembling a claim for direct negligence is the allegation that defendant "was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated." *See* Plaintiff's Amended Complaint, paragraph 9. However, mere conclusory allegations of negligence are insufficient under Florida law. *See Clark v. Boeing Co.*, 395 So. 2d 1226, 1228 (Fla. 3d DCA 1981). The essential elements of a cause of action may not be inferred from the pleadings. *Sanderson v. Eckerd Corp.*, 780 So. 2d. 930, 933 (Fla. 5th DCA 2001).

Florida Rule of Civil Procedure 1.110 governs the general rules of pleading. With respect to claims for relief, Rule 1.110(b) provides that the pleading:

> must state a cause of action and shall contain . . . (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.

Fla. R. Civ. P. 1.110(b).

This rule, along with the other Florida Rules of Civil Procedure, were "adopted to establish an orderly and efficient judicial procedure to handle cases." *Thomas v. Pridgen*, 549 So. 2d 1195, 1196 (Fla. 1st DCA 1989). As part of this requirement, the pleader must prove the necessary elements in order for the pleader to prevail. *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999). In doing so, the pleader "must plead factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect." *Messana v. Maule Indus.*, 50 So. 2d 874, 876 (Fla. 1951). Additionally, factual allegations must be set forth that can be supported by evidence that gives rise to liability. *Barrett*, 743 So. 2d at 1162-63. It is clear from these procedural rules that Florida is a fact pleading jurisdiction, not a notice pleading one. *See Deloitte & Touche v. Gencor Indus.*, 929 So. 2d 678, 681 (Fla. 5th DCA 2006).

The reality of the situation is that plaintiff is attempting to turn a claim for vicarious liability into an additional claim against defendant for direct liability. This is in essence an attempt to fit a square peg into a round hole. Count I for direct negligence is essentially a carbon copy of count II for vicarious liability. *Compare* plaintiff's amended complaint paragraphs 9 through 22 with paragraphs 23 through 35. The facts as plaintiff has pled them, and as plaintiff's counsel knows, do not support a claim for direct negligence. Though defendant disputes it is vicariously liable to plaintiff for the negligence of Thomas Choi, defendant must acknowledge that plaintiff has at least properly pled a claim for vicarious liability. The same cannot be said for Count I.

Defendant, Space Exploration Technologies, Corp.<br>
Answer and Affirmative Defenses and Motion to Dismiss<br>
CASE: 05-2016-CA-53532

As such, Defendant respectfully requests this Court dismiss Count I of plaintiff's complaint for failure to state a claim of direct negligence for which relief may be granted and the failure to comply with Florida's pleading requirements.

### **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 4th day May, 2020, a true and correct copy of the above and foregoing Answer and Affirmative Defenses and Motion to Dismiss was filed with the Clerk of the above styled Court using eFiling Portal. We also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List via electronic mail.

Dated: May 4, 2020

                          TYSON & MENDES LLP

                    By:  /s//HALDON L. GREENBURG
                          Damian M. Fletcher
                          Haldon L. Greenburg
                          Attorneys for Space Exploration Corp
                          101 NE 3rd Avenue
                          Suite 1500
                          Ft. Lauderdale, FL  33301
                          T:  954-332-3823
                          F:  561-3560-0401
                          DFletcher@tysonmendes.com
                          HGreenbur@tysonmendes.com

Defendant, Space Exploration Technologies, Corp.  
Answer and Affirmative Defenses and Motion to Dismiss  
CASE: 05-2016-CA-53532

**SERVICE LIST**
Douglas R. Beam, Esq.
Riley H. Beam, Esq.
Douglas R. Beam, P.A.
25 W New Haven Ave.
Suite C
Melbourne, FL 32901
Tel:  (321)723-6591
Email: eservice1@dougbeam.com
　　　　Eservice2@dougbeam.com

*Attorneys for Plaintiff*

Jeffrey A. Carter, Esq.
CONROY SIMBERG
Two South Orange Ave.
Suite 300
Orlando FL 32801
Tel:
Email:  eservice@conroysimberg.com
　　　　jcarter@conroysimberg.com

*Attorney for Defendant Thomas Choi*