Filing # 105096023 E-Filed 03/18/2020 02:56:23 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KAREN PAPPAS,  CASE 05-2016-CA-53532

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Karen Pappas, sues Defendants Space Exploration Technologies Corp. d/b/a SpaceX, a foreign profit corporation, and Thomas Choi, and alleges:

1. This is a claim for damages in excess of $30,000.00, exclusive of interest and costs, and for trial by jury of all issues so triable as of right by jury.

2. At all times material to this Complaint, Karen Pappas was *sui juris* and a resident of Brevard County, Florida.

3. At all times material hereto, Defendant, Space Exploration Technologies Corp. d/b/a SpaceX was a foreign profit corporation authorized and doing business in Brevard County, Florida.

4. At all times material hereto, Defendant, Thomas Choi was *sui juris* and a resident of Brevard County, Florida, a non-resident, or a resident of Florida who subsequently became a non-resident or a resident of Florida concealing his whereabouts.



5. At all times material hereto, Plaintiff, Karen Pappas, was the owner, lessee or was otherwise in possession and control of a motor vehicle which was involved in a crash on or about June 9, 2016, in Brevard County, Florida.

6. On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

7. On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida, so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

8. As a result of the crash, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering.

## COUNT ONE
## NEGLIGENCE OF SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A SPACEX

9. The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

10. On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

11. On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Brevard County, Florida.

12. Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

13. Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests. Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it: a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

14. Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

15. Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

16. Space Exploration Technologies Corp. d/b/a SpaceX's business interests were advanced by the function which gave Space Exploration Technologies Corp. d/b/a SpaceX an opportunity to interact with its employees, including Thomas Choi. The purpose of the function was to improve the employer/employee relationship and to transact business of Space Exploration Technologies Corp. d/b/a SpaceX by: a) providing a means for employees to meet other employees, including interns; b) allowing them to learn about other Space Exploration

3

Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c) assisting Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) providing the employees, including interns, with the names and contact information for businesses that Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce them to its supervisors and/or other employees Thomas Choi will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

17. Space Exploration Technologies Corp. d/b/a SpaceX knew that Thomas Choi was intoxicated and was not in a condition to drive.

18. Space Exploration Technologies Corp. d/b/a SpaceX had the ability to control Thomas Choi, but it negligently failed to exercise that control when it let Thomas Choi drive while intoxicated.

19. Space Exploration Technologies Corp. d/b/a SpaceX was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated.

20. Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated.

21. Thomas Choi operated his vehicle in a negligent manner so that he crashed his motor vehicle into a motor vehicle operated by Karan Pappas.

22. As a result of the incident, Karen Pappas suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

life, and the expenses for hospitalization, medical care and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition, which losses are either permanent or continuing and plaintiff will suffer such loses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

### COUNT TWO
### VICARIOUS LIABILITY OF
### SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX
### FOR NEGLIGENCE OF THOMAS CHOI

23. The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

24. On or about June 9, 2016, Thomas Choi was employed at Space Exploration Technologies Corp. d/b/a SpaceX in Brevard County.

25. On June 9, 2016, Space Exploration Technologies Corp. d/b/a SpaceX sponsored an intern welcome party at a neighborhood complex located in Titusville, Florida.

26. Thomas Choi attended the welcome party on June 9, 2016. Thomas Choi's presence at the function was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

27. Thomas Choi was required and/or encouraged to attend the event, which was held for the purpose of furthering Space Exploration Technologies Corp. d/b/a SpaceX's business interests. Specifically, Space Exploration Technologies Corp. d/b/a SpaceX wanted Thomas Choi to attend the event because it: a) desired him to meet other employees, including interns; b) wanted Thomas Choi to learn about other Space Exploration Technologies Corp. d/b/a SpaceX projects that were currently being developed and/or were in line for future development; c)

assisted Space Exploration Technologies Corp. d/b/a SpaceX in evaluating employees, including interns; d) provided Thomas Choi with the names and contact information for businesses Space Exploration Technologies Corp. d/b/a SpaceX was currently doing business with and/or desired to do business with in the future; e) to introduce Thomas Choi to its supervisors and/or other employees he will be working with; and f) to be introduced to management in all areas of Space Exploration Technologies Corp. d/b/a SpaceX. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

28. In attending the event, Thomas Choi acted within the scope of his employment and at the direction of Space Exploration Technologies Corp. d/b/a SpaceX.

29. Thomas Choi's presence was required or impliedly or expressly required by Space Exploration Technologies Corp. d/b/a SpaceX.

30. Space Exploration Technologies Corp. d/b/a SpaceX provided food and intoxicating beverages at the function.

31. Space Exploration Technologies Corp. d/b/a SpaceX served alcoholic beverages to Thomas Choi to the point where he became intoxicated.

32. Thomas Choi was intoxicated and was not in a condition to drive.

33. Thomas Choi left the employer-sponsored business function and proceeded to drive his motor vehicle while intoxicated, crashing it into the motor vehicle operated by the Plaintiff, Karen Pappas.

34. Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the actions of its employee Choi, taken while he was acting within the scope of his employment.

35. As a result of the negligence of Thomas Choi in acting within the scope of his employment, the Plaintiff, Karen Pappas, was injured. Under the doctrine of respondeat

superior, Space Exploration Technologies Corp. d/b/a SpaceX is responsible for the injuries caused to Plaintiff by Thomas Choi.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Space Exploration Technologies Corp. d/b/a SpaceX, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## COUNT THREE
## NEGLIGENCE OF THOMAS CHOI

36. The Plaintiff realleges the general allegations contained in paragraphs 1 through 8 as though fully set forth herein.

37. On or about June 9, 2016, Defendant, Thomas Choi, leased, owned and/or maintained a 2011 Toyota Camry motor vehicle that was then and there in the possession and control of Thomas Choi.

38. On or about June 9, 2016, Defendant, Thomas Choi, operated said vehicle at or near SR 528 in Merritt Island, Brevard County, Florida.

39. At that time and place, Defendant, Thomas Choi owed the Plaintiff the duty to maintain and/or operate said vehicle with ordinary and reasonable care so as not to injure Plaintiff, Karen Pappas, or damage her property.

40. At that time and place, Defendant, Thomas Choi negligently operated or maintained said motor vehicle so that he crashed his motor vehicle into the motor vehicle operated by the Plaintiff, Karen Pappas.

41. As a result of Thomas Choi's negligence, Plaintiff, Karen Pappas, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings

and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer such losses in the future.

Wherefore, Plaintiff Karen Pappas demands judgment for damages against Defendant, Thomas Choi, costs of this action, prejudgment interest, trial by jury and for such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that on this __18th__ day of March 2020, a copy of the foregoing document has been provided to Jeffrey A. Carter, Esq., Conroy Simberg, Two South Orange Avenue Suite 300, Orlando, Florida 32801 via electronic transmission to eserviceorl@conroysimberg.com and jmorrow@conroysimberg.com.

> DOUGLAS R. BEAM, P.A.
> 25 West New Haven Avenue, Suite C
> Melbourne, FL 32901-4463
> (321) 723-6591
> (321) 723-5926
> eservice1@dougbeam.com
> eservice2@dougbeam.com
> Lawyers for Plaintiff
>
> _/s/ Douglas R. Beam_
> Douglas R. Beam
> Florida Bar 0515604
> Riley H. Beam
> Florida Bar 100512
> Lori M. Costa
> Florida Bar 0014198