Filing # 107123175 E-Filed 05/07/2020 12:41:40 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

CASE: 05-2016-CA-053532-XXXX-XX

KAREN PAPPAS,

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX, a foreign profit Corporation, and THOMAS CHOI,

    Defendants.

_____/

## DEFENDANT, SPACE EXPLORATION TECHNOLOGIES CORP'S REQUEST TO PRODUCE TO PLAINTIFF

**NOTICE IS HEREBY GIVEN** that Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests the Plaintiff, KAREN PAPPAS, to produce and permit the inspection and copying, within thirty (30) days of service hereof, the following documents, writings, and other data.

## DEFINITIONS

Please refer to these definitions and instructions in providing your responses. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the requests set forth below:

1.    Plaintiff or "You" means KAREN PAPPAS

2.    "Communication" means, without limitation, any oral, written, telephonic, radio, video or electronic transmission of information, demands or questions, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopy's, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.



Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

3.      "Document" or "Documents" means all "writings and recordings". The definition is intended to include all documents, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes, or other writings, formal or informal in nature, accounting and financial records, diaries, statements, telegrams, draft, work papers, paper and magnetic tapes, charts, computer cards and print outs, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, in your actual or constructive possession, custody or control, or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "documents" shall include any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any variations.

4.      "Identify" means, when used in reference to:

   A.      An individual, to state his/her (i) full name; (ii) present or last known home and business address, including street name and number, city or town and zip code; (iii) present or last known position, job title and job description;

   B.      A person other than an individual, to state its (i) full name and type of organization or entity; (ii) address or principal place of business; and (iii) jurisdiction and date of incorporation or organization, if known.

   C.      Documents, to state (i) the name and date of the document, the name and address of the person(s) originating the document, the name and address, if any, of the person(s) to whom the document is addressed, the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the document; and (ii) whether Plaintiff is in possession of or has under his control the original or a copy of the document, and, if not in possession of an original or copy, the name and address of the custodian of each original copy, and the name and address of each person who Plaintiff believes presently is in

Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

possession of the original or copy of such document. In lieu of identifying particular documents, when such identification is requested, the document may, at Plaintiff's option, be attached to the response to this request to produce, bearing an indication to which response or responses each document relates.

D. Conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reasons for the conversation, the statements made by each person, including the context in which they were made and the identity of any writings or recordation's which exist relating thereto.

E. A claim, the name of the claimant, the nature of the claim, the names of all parties to any lawsuit, the court number, if any, the date of the claim, the date upon which Defendant first became aware of the claim, the relief sought, and the present status or final disposition of the claim.

F. Any other item or information, to provide a particular description of the same.

5. "Notice" shall include formal and informal notification.

6. The plural shall include the singular and the singular shall include the plural.

## INSTRUCTIONS

1. If in your possession, custody, or control, produce the originals of all documents called for, as well as any and all copies of the documents which bear any mark or notation not present on the original.

2. In producing documents called for, segregate the documents so as to identify the numbered request to which each such document(s) responds.

3. If you once had any documents called for herein which have since been destroyed or otherwise disposed, so indicate and describe the documents by date, author(s), address(ees), and general subject matter.

4. If you once had any documents called for herein, but no longer do, so indicate and describe the documents by date, author(s), address(es), and general subject matter, and

Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

indicate the name and address of the person or entity who has possession, control or custody, or who was last known to have possession, control or custody of the document.

5. This request is a continuing request for all documents that are now or may hereafter come into Plaintiff's actual or constructive possession, custody or control and shall include documents generated, created, prepared or received during the period of this request, through the date of compliance with this request or trial, whichever is later, unless otherwise stated.

6. For each such document that is responsive to this request and which is sought to be withheld under a claim of privilege, the following information shall be provided:

    A. The place, date (or approximate date) and the manner of record or otherwise preparing documents;

    B. The name and title of the sender and the name and title of the recipient of the document;

    C. A description of the subject of the document;

    D. The identity of each person or persons (other than stenographic or clerical assistance) participating in the preparation of the documents;

    E. The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of such said communication, and the employer and title of the person at the time of said communication;

    F. A statement of the basis on which privilege is claimed; and

    G. The identity and title of the person or persons supplying Plaintiff's attorney with the information requested in subsections (A) through (F) above.

7. All documents produced in response to this request shall be produced in total notwithstanding the fact that portions may contain information not requested.

8. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner so as to preserve and identify the file from which such documents were taken.

Defendant, Space Exploration Technologies, Corp's
Request to Produce to Plaintiff
CASE: 05-2016-CA-053532-XXXX-XX

## **DOCUMENTS REQUESTED**

1. Complete medical records, including x-rays, MRIs, CT scans and any other radiographic films, of each physician that examined or treated Plaintiff relating to injuries or conditions believed to be caused by the incident which is the subject of this lawsuit.

2. All records of hospitals, including x-rays, MRIs, CT scans and any other radiographic films, in which Plaintiff has been a patient or received treatment as a result of the injuries or conditions believed to be caused by the incident which is the subject of this lawsuit.

3. All medical bills, statements or invoices for medical treatment, devices and medicines incurred as a result of the accident that is the subject matter of this litigation.

4. All bills, receipts or other evidence of expenses, other than medical expense, incurred as a result of the incident that is the subject of this lawsuit.

5. All photographs, videotapes, audio recordings and all electronic and/or digital recordings that depict the scene, the Plaintiff, or otherwise pertain to this incident.

6. All photographs, videotapes, charts, diagrams, documents, electronic recordings, digital recordings and other physical evidence, which Plaintiff intends to place into evidence or use at time of trial.

7. Any written statement you have provided to anyone, excluding your attorney(s), regarding subject incident or injuries you claim to have sustained as a result thereof.

8. All statements of witnesses relating to facts or issues involved in this lawsuit.

9. All statements taken of the Thomas Choi including but not limited to statements taken from agents, servants, or employees of plaintiff.

10. All statements that the plaintiff intends to place into evidence or use at trial

11. All statements pertaining to issues in this litigation, the substantial equivalent of which cannot be obtained by the Defendant without undue hardship.

12. All documents supporting the claim for money damages in this lawsuit and not produced in response to the preceding paragraphs.

Defendant, Space Exploration Technologies, Corp's
Request to Produce to Plaintiff
CASE: 05-2016-CA-053532-XXXX-XX

13. All reports of each person that plaintiff expects to call as an expert witness at trial.

14. For each insurance policy providing benefits of coverage to Plaintiff for any claimed injury, damage or condition from the alleged accident (including Medicare, Medicaid, Disability, Med Pay, Personal Injury Protection, Property Damage, Health and Accident Insurance) please provide:
    a. Copies of each such contract or policy
    b. The identification card of each such contract or policy
    c. The declaration sheet of each such contract or policy
    d. Each and every application for benefits made by the plaintiff under any of the policies.
    e. All records of payments, including PIP payout logs, checks, check stubs, memos and correspondence, relating to payments made under any of the policies referred to above;
    f. All records evidencing payment of benefits under any of the policies referred to above.

15. All records, statements, claims for benefits, or other documents evidencing benefits paid to, or on behalf of, Plaintiff by Medicare, Medicaid and/or the Social Security Administrations for the five (5) years preceding the year of the accident which is the subject of this lawsuit, for the year of the accident, and for all years thereafter up to the current year.

16. All records, statements claims for benefits, or other documents to or from the Florida Worker's Compensation and Unemployment agencies within the last ten years that pertain to plaintiff.

17. All statutes, ordinances, standards or regulations Plaintiff contents that the Defendant violated or that Plaintiff intends to use at the time of trial

18. All drawings, graphs, charts and writings, not privileged or work product, pertaining to the subject matters of this case.

19. Complete Federal Tax Returns filed by the Plaintiff, with all attached scheduled and forms (such as W-2 forms) for the five years preceding the year of the accident which is the subject of this lawsuit, for the year of the accident, and for all years thereafter up to the current year.

Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

20. Wage statements, pay stubs and any other proof of income for the current year.

21. Proof of all earned and non-earned income from any year that a Federal Income Tax return has not been filed.

22. All other documents in your possession that can substantiate and support your claim for lost wages and/or loss of earning capacity.

23. Copies of any x-rays, MRIs, CTs or other diagnostic films taken of Plaintiff by any facility within the last ten years, which films or copies thereof were released or provided to plaintiff and/or counsel.

24. Copies of any medical records related to treatment, consultation, or evaluation of Plaintiff by any facility or physician within the last 5 years.

25. Executed Request for Social Security Detailed Earnings, Form SSA-7050-F4, to be completed and signed by the Plaintiff (a copy of which is attached hereto).

26. Executed Request for Copy of Tax Return, Form 4506, to be completed and signed by the Plaintiff (a copy of which is attached hereto).

27. Executed Medicare Authorization to Share "Protected Health Information", to be completed and signed by the Plaintiff (a copy of which is attached hereto).

28. Copy of your cell phone bill for the date of the accident or the cellphone number, account number and the name of the carrier.

29. Any incident report or similar documents completed by you or on your behalf related to the incident which is the subject of your complaint.

30. Any document which you claim supports the allegation that Thomas Choi was required to attend the event referenced in your complaint, as stated in paragraph 26 and 29 of your complaint.

Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 7th day May 2020, a true and correct copy of the above and foregoing Defendant's Request to Produce propounded to Plaintiff was filed with the Clerk of the above styled Court using eFiling Portal. We also certify that the foregoing document was served this day on all counsel of record identified on the attached Service List via electronic

Dated: May 7, 2020

TYSON & MENDES LLP

By: /s/ Haldon L. Greenburg
Damian M. Fletcher:  FNB- 54699
Haldon Greenburg:    FNB -101735
Counsel for Defendant
101 NE 3rd Avenue,
Suite 1500
Fort Lauderdale, FL 33301
954-332-3823
dfletcher@tysonmendes.com
hgreenburg@tysonmendes.com

**SERVICE LIST**
Douglas R. Beam, Esq.
Riley H. Beam, Esq.
Douglas R. Beam, P.A.
25 W New Haven Ave.
Suite C
Melbourne, FL 32901
Tel: (321)723-6591
Email: eservice1@dougbeam.com
　　　　Eservice2@dougbeam.com

*Attorneys for Plaintiff*

Defendant, Space Exploration Technologies, Corp's<br>
Request to Produce to Plaintiff<br>
CASE: 05-2016-CA-053532-XXXX-XX

Jeffrey A. Carter, Esq.
CONROY SIMBERG
Two South Orange Ave.
Suite 300
Orlando FL 32801
Tel:
Email: eservice@conroysimberg.com
        jcarter@conroysimberg.com

*Attorney for Defendant Thomas Choi*