UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN PAPPAS,                              CASE 6:20-CV-00900-WWB-DCI

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

    Defendants.
_____/

## MOTION TO STAY DISCOVERY

Plaintiff, Karen Pappas, through undersigned counsel, moves this Court to stay discovery until an Order on Plaintiff's Motion to Remand has been entered and states as follows:

1. The Initial Complaint in this matter was filed on approximately February 17, 2017. Said Complaint named Thomas Choi as the sole Defendant.

2. Thomas Choi was served on approximately March 4, 2017, and a timely answer was filed.

3. The Motion to Amend Compliant was filed in State Court on approximately February 7, 2020. An Order granting Plaintiff's Motion to Amend Complaint was entered on approximately March 18, 2020, and the Amended Complaint was filed on approximately March 18, 2020.

4. Defendant, Space Exploration Technologies Corporation ("SpaceX"), was served on approximately April 2, 2020, and filed an Answer and Affirmative Defenses and Motion to Dismiss Count One of the Complaint on approximately May 4, 2020.

5. On May 27, 2020, Defendant, SpaceX, removed this matter to Federal Court pursuant to 28 U.S.C. 1446(b)(3), claiming there was diversity jurisdiction. Defendant, SpaceX, claimed that it could not determine that the amount in controversy exceeded $75,000.00 until approximately May 5, 2020, when it received copies of Plaintiff's medical bills. As such, Defendant, SpaceX, claims it had thirty (30) days from the date it received Plaintiff's medical bills to file a removal.

6. On June 2, 2020, Plaintiff filed her Motion to Remand. See Exhibit "A."

7. While the matter was in state court, all parties had served discovery on each other.

8. Discovery is stayed until after the Case Management Conference between the parties.

9. However, subsequent to the Case Management Conference the parties may commence discovery.

10. Should the Motion to Remand be pending at this time, Plaintiff could potentially waive her right to remand the matter back to state court if she affirmatively engages in discovery. However, if she abstains from affirmatively engaging in discovery she is prejudicing herself and risks not being able to compete discovery by the discovery cut-off date.

11. As such, Plaintiff is requesting this Court enter an order staying discovery until after the Motion to Remand has been decided.

12. Pursuant to Local Rule 3.01(g), Plaintiff's counsel certifies that it has conferred with opposing counsel regarding this Motion and Defendants, Choi and SpaceX have indicated that they have no objections.

Wherefore, Plaintiff respectfully requests this Court enter an Order Staying Discovery pending the outcome of Plaintiff's Motion to Remand.

## MEMORANDUM OF LAW

A party may waive his/her right to remand an action to state court if he/she affirmatively participates in litigating the merits while it is pending. *Yusefzadeh v Nelson, Mullins, Riley & Scarborough, LLP*, 365 F. 3d 1244, 1246 (11th Cir. 2004). A Motion to Remand based on timeliness can be waived if a plaintiff participates in proceedings in federal court.[1] *See Harris v. Edward Hyman co.*, 664 F. 2d 943, 945. Finally, serving discovery requests on defendants after removal to a federal court has been found to sufficiently waive a plaintiff's right to remand the matter back to state court. *Id.* at 945-6.

In the present matter, Plaintiff has filed a Motion to Remand this matter to state court based on two grounds: timeliness and waiver. If Plaintiff affirmatively engages in discovery and the Court denies Plaintiff's Motion for Remand based on waiver, she may have waived her argument that remand is proper because the removal was untimely. Additionally, if Plaintiff's stay is not granted, she will be prejudiced if she does not affirmatively engage in discovery with Defendants, as she risks not being able to complete discovery by the discovery cut-off dates. As such, it is appropriate to stay discovery until after the Court has decided on Plaintiff's Motion to Remand.

---

[1] *Harris*, noted that the Plaintiff in that matter also delayed in seeking a remand. In the present case there is no delay. However, in an abundance of caution Plaintiff is seeking a stay in discovery to avoid any argument she has waived her right to removal.

3

Respectfully submitted,

**DOUGLAS R. BEAM, ESQUIRE**
Douglas R. Beam, P.A.
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
**eservice1@dougbeam.com**
**eservice2@dougbeam.com**

By:   /s/Douglas R. Beam
Douglas R. Beam
Florida Bar No. 515604
Lori M. Costa
Florida Bar No. 0014198

## CERTIFICATE OF SERVICE

I CERTIFY that on **June 2, 2020,** a copy of the foregoing was provided via email to the email address of record for this case in the CM/ECF database for all counsel identified below, or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notification:

Counsel for Defendant, SpaceX
**Damian M. Fletcher**
Tyson & Mendes, LLP
101 N.E. Third Ave., Suite 1500
Fort Lauderdale, FL 33301
(954) 323-3823
dfletcher@tysonmendes.com

Counsel for Defendant, Choi
**Jeffrey A. Carter**
Conroy Simberg
Two South Orange Ave.
Suite 300
Orlando, FL 32801
eservice@conroysimberg.com
jcarter@conroysimberg.com

4