UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN PAPPAS,                                    CASE 6:20-CV-00900-WWB-DCI

      Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

      Defendants.

_____/

## MOTION TO REMAND

Plaintiff, Karen Pappas, through undersigned counsel, pursuant to 28 U.S.C. 1447(c) moves this Court to remand this matter to state court (Eighteenth Judicial Circuit in and for Brevard County) and states as follows:

    1.    The Initial Complaint in this matter was filed on approximately February 17, 2017. Said Complaint named Thomas Choi as the sole Defendant. See Exhibit "A."

    2.    Thomas Choi was served on approximately March 4, 2017, and a timely answer was filed. See Exhibit "B."

    3.    Thereafter, some discovery between Plaintiff and Defendant, Choi was conducted. However, Defendant, Choi had pending criminal charges resulting from the subject accident, so discovery was hampered. It was more than a year after the Initial Complaint was filed and served on Defendant, Choi, that Plaintiff learned that there were other potential Defendants that could be named in the subject lawsuit, including Space Exploration Technologies Corporation ("SpaceX").



Case 6:20-cv-00900-WWB-DCI   Document 11   Filed 06/02/20   Page 2 of 8 PageID 152

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

4.      Plaintiff's counsel began researching the possibility of adding other defendants, including but not limited to Defendant, Space Exploration Technologies Corp. ("SpaceX").

5.      Plaintiff's counsel also retained attorneys not associated with their office, to discuss and research possible claims against other entities. Said attorneys assisted in drafting language for the amended Complaint.

6.      In January 2020, Plaintiff made the decision to amend the complaint to include only SpaceX as a new Defendant.

7.      The Motion to Amend Compliant was filed in State Court on approximately February 7, 2020. An Order granting Plaintiff's Motion to Amend Complaint was entered on approximately March 18, 2020, and the Amended Complaint was filed on approximately March 18, 2020. See Exhibit "C."

8.      Defendant, SpaceX, was served on approximately April 2, 2020, and filed an Answer and Affirmative Defenses and Motion to Dismiss Count One of the Complaint on approximately May 4, 2020. See Exhibit "D."

9.      Defendant, SpaceX, served Interrogatories on Plaintiff on May 6, 2020, while the matter was still pending in state court. See Exhibit "E."

10.     Defendant, SpaceX, served Request to Produce on Plaintiff on May 7, 2020, while the matter was still pending in state court. See Exhibit "F."

11.     On May 27, 2020, Defendant, SpaceX, removed this matter to Federal Court pursuant to 28 U.S.C. 1446(b)(3), claiming there was diversity jurisdiction. See Exhibit "G." In said removal, Defendant, SpaceX, claimed that it could not determine that the amount in controversy exceeded $75,000.00 until approximately May 5, 2020, when it received copies of

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

Plaintiff's medical bills. As such, Defendant, SpaceX, claims it had thirty (30) days from the date it received Plaintiff's medical bills to file a removal.

12.     At the time Defendant, SpaceX, filed its Notice of Removal, this matter had been in State Court for over three (3) years.

13.     Pursuant to 28 U.S.C. 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action. . . ."

14.     Since Defendant, filed its Notice of Removal more than three (3) years after commencement of the subject action, removal was improper and the subject action must be remanded to the Eighteenth Judicial Circuit in and for Brevard County, Florida.

15.     Defendant, SpaceX, began actively litigating the action in state court when it served Plaintiff with Interrogatories on May 6, 2020, and Request to Produce on May 7, 2020, despite knowing that there were documents showing there was $75,000.00 in controversy and there was complete diversity among all of the parties.

16.     Since Defendant, SpaceX, was actively litigating this matter in state court, it waived its right to remove the matter to federal court.

17.     Pursuant to Local Rule 3.01(g), Plaintiff's counsel certifies that it has conferred with opposing counsel regarding this Motion and Defendant, SpaceX and Defendant, Choi are not in agreement with said Motion.

Wherefore, Plaintiff, Karen Pappas, respectfully requests this Court enter an Order, remanding this matter back to the Eighteenth Judicial Circuit in and for Brevard County, Florida.

3

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

## MEMORANDUM OF LAW

### A.  DEFENDANT, SPACEX'S, NOTICE OF REMOVAL WAS UNTIMELY

The procedure for removing a matter from state court to federal court is set forth in 28 U.S.C. 1446.  Specifically, 28 U.S.C. 1446, allows a party to remove a matter to federal court if there is complete diversity between the parties if a Notice of Removal is filed within thirty (30) days after receipt by the defendant.  If the initial pleading is not removable at the time it is filed a party can file a notice of removal within thirty days after receipt of information that the suit is removable.  However, under no circumstances can a cause of action be removed more than one year after commencement of the legal action, unless the court finds the plaintiff has acted in bad faith to prevent the removal.

Federal courts are required to strictly construe removal statutes when a defendant files a notice of removal and the opposing party files a motion to remand.  *University of S. Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Barroso v. Allstate Property & Casualty Ins. Co.,* 958 F. Supp. 2d 1344, 1344 (M.D. Fla. 2013).  There is a presumption in favor of remand and all doubts should be resolved in favor of remanding the matter to state court.  *Id.*  The defendant must prove by preponderance of the evidence that jurisdiction exists.  *Willams v. Best Buy, Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lee v. Allstate Indemnity Co.*, 2016 U.S. Dist. LEXIS 14175 (M.D. Fla. 2016).  Further, even if a party does not file a motion for remand, the federal court is required to inquire *sua sponte* whenever subject matter jurisdiction could be lacking.  *Williams*, 269 F.3d at 1318 (11th Cir. 2001); *Univ. S. Alabama*, 168 F.3d at 410.

Additionally, federal courts have held that when an initial complaint is amended to add a new party/new claim to the action, the one year time limitation from the date the action was commenced still applies.  *See Barroso*, 958 F.Supp. at 1345; *Perez v. General Packer, Inc.*, 780 F.

4

Case 6:20-cv-00900-WWB-DCI   Document 11   Filed 06/02/20   Page 5 of 8 PageID 155

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

Supp. 1464 (C.D. Cal. 1992). In other words, if an action was commenced for more than one year when the plaintiff amends the pleadings to add another party, the new party is barred from removing the matter to federal court. *Barroso*, 958 F.Supp. at 1345; *Price v. Messer*, 872 F. Supp. 317, 319 (S.D. W.Va, 1995) *citing Royer v. Harris Well Service, Inc.*, 741 F. Supp. 1247, 1248-49 (M.D. La. 1990). To determine when an action is commenced, the federal court will look to see how the state has defined it. Under Florida law an action is commenced when a complaint is filed. *See Fla.R.Civ.P.* 1.050; *Barroso*, 958 F.Supp. at 1345. The amendment of a complaint does not reset the clock for removal purposes. *Barroso*, 958 F.Supp. at 1345; *Lee*, 2016 U.D. Dist. at *4.

Here, the present matter was commenced on approximately February 17, 2017, when the initial Complaint was filed. The Complaint was amended approximately three years later to include a claim(s) against Defendant, SpaceX. SpaceX then removed the matter to federal court. SpaceX could not remove the matter pursuant to 28 U.S.C. 1446 because the matter commenced more than three (3) years prior, and the commencement of the case did not reset when Plaintiff amended her complaint. Further, there is no evidence, nor has Defendant, SpaceX, implied that Plaintiff was acting in bad faith. As such, Defendant, SpaceX, improperly removed this action to federal court and it must be remanded back to the Eighteenth Judicial Circuit in and for Brevard County, Florida.

### B. DEFENDANT, SPACEX, WAIVED ITS RIGHT TO REMOVE THIS ACTION TO FEDERAL COURT

A party may waive their right to remove an action to federal court he/she affirmatively participates in litigating the merits while it is pending in state court. *Yusefzadeh v Nelson, Mullins, Riley & Scarborough, LLP*, 365 F. 3d 1244, 1246 (11th Cir. 2004). Whether a defendant has waived his/her right to remove a matter to federal court based on active participation is based on a case by case basis. *Id.* Affirmatively engaging in discovery after knowing that a case is removable

5

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

constitutes a waiver. *See Harris v. Edward Hyman co.*, 664 F. 2d 943, 945 *(holding that a party seeking a remand after removal but who delays or otherwise participates in the proceedings in the district court may be precluded from objecting to removal on timeliness grounds)*. Courts have further stated that to waive the right of removal, a defendant must proceed in state court despite having notice that it has the ability to remove a case. *See Akin v. Ashland Chemical Co.*, 156 F. 2d 1030, 1036 (10th Cir. 1998); *Resolution Trust Corp. v. Bayside Developers*, 43 F. 3d 1230, 1240 (9th Cir. 1994); *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000).

In the present matter, Defendant, SpaceX, filed an Answer and Affirmative Defenses and Motion to Dismiss the Complaint on May 4, 2020. On May 5, 2020, Defendant, SpaceX, received documentation (Plaintiff's medical bills) from an unknown source showing that the amount in controversy exceeded $75,000.00. Further, Defendant, SpaceX, was aware that there was complete diversity between the parties. However, Defendant, SpaceX, continued to affirmatively litigate this matter in state court. On May 6, 2020, Defendant, SpaceX, served Interrogatories on Plaintiff. On May 7, 2020, Defendant, SpaceX, served Request to Produce on Plaintiff. The purpose of serving said discovery could not have been to ascertain whether the matter was removable, as it allegedly already had the documentation necessary to remove the action. However, Defendant, SpaceX, then began to affirmatively litigate this matter in state court by asking Plaintiff to produce a significant amount of documents and to answer Interrogatories. As such, Defendant, SpaceX, has waived its right to removal.

6

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*

Respectfully submitted,

**DOUGLAS R. BEAM, ESQUIRE**
Douglas R. Beam, P.A.
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
**eservice1@dougbeam.com**
**eservice2@dougbeam.com**

By:    /s/Douglas R. Beam
       Douglas R. Beam
       Florida Bar No. 515604
       Lori M. Costa
       Florida Bar No. 0014198

### CERTIFICATE OF SERVICE

I CERTIFY that on **June 2, 2020,** a copy of the foregoing was provided via email to the

email address of record for this case in the CM/ECF database for all counsel identified below, or

in some other authorized manner for those counsel or parties who are not authorized to receive

electronic notification:

Counsel for Defendant, SpaceX
**Damian M. Fletcher**
Tyson& Mendes, LLP
101 N.E. Third Ave., Suite 1500
Fort Lauderdale, FL  33301
(954) 323-3823
dfletcher@tysonmendes.com

Counsel for Defendant, Choi
**Jeffrey A. Carter**
Conroy Simberg
Two South Orange Ave.
Suite 300
Orlando, FL  32801
eservice@conroysimberg.com
jcarter@conroysimberg.com

7

*Motion for Remand*
*CASE 6:20-CV-00900-WWB-DCI*