UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KAREN PAPPAS,**

      **Plaintiff,**

v.                                                           Case No:  6:20-cv-900-Orl-78DCI

**SPACE EXPLORATION**
**TECHNOLOGIES CORP. and**
**THOMAS CHOI,**

      **Defendants.**

**ORDER**

On May 27, 2020, Defendant Space Exploration Technologies Corp. (SpaceX) removed this action based on this Court's diversity jurisdiction.  Doc. 1.  Plaintiff filed a motion to remand, which is pending.  Simultaneous with the motion to remand, Plaintiff filed unopposed motions to stay discovery and for an extension of time to respond to a motion to dismiss filed by SpaceX in state court prior to removal.  Docs. 12 (the Motion to Stay); 13 (Motion for Extension).

As to the Motion to Stay, it is premature.  Because the parties have not conducted the Case Management Conference, discovery in this case has not opened and no deadlines have been proposed or set by the Court.  Further, there is no indication that proceeding with discovery—which will occur even if this case is remanded—prejudices any party; but staying discovery will certainly delay the orderly progress of this case.  Thus, the parties are directed to conduct the Case Management Conference and file the Case Management Report within the time provided by the rules of this Court; Plaintiff's compliance with this Order will not be deemed a waiver of its request for remand.

As to the Motion for Extension, it is due to be denied without prejudice as moot because the Court will deny without prejudice SpaceX's pending motion to dismiss. SpaceX filed its motion to dismiss (contained within the removal papers at Doc. 1 and now docketed separately as Doc. 17), attacking only Count I of the Complaint, as pages six through eleven of a pleading in which SpaceX also answered the Complaint and made affirmative defenses. As such, it does not comply with the rules of this Court. *See* Local Rule 3.01(a); Federal Rule of Civil Procedure 12. Thus, it is due to be dismissed without prejudice. On or before June 23, 2020, SpaceX, if it so chooses, may re-file its motion to dismiss in compliance with the rules of this Court. Thereafter, Plaintiff may respond pursuant to Local Rule 3.01(b).

Accordingly, it is **ORDERED** that:

1. The Motion to Stay is **DENIED without prejudice**;

2. The Motion for an Extension is **DENIED without prejudice as moot**;

3. The Motion to Dismiss is **DENIED without prejudice**, and SpaceX may re-file the motion as provided by this Order.

**ORDERED** in Orlando, Florida on June 8, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties