UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:20-cv-00900-WWB-DCI

KAREN PAPPAS,

    Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES
CORP d/b/a SPACEX a foreign profit corporation
and THOMAS CHOI

    Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a SPACEX (hereinafter "Defendant") by and through its undersigned counsel, and pursuant to Rule 12(b)(6), Fed.R.Civ.P., and files this Motion to Dismiss Count one of Plaintiff's Amended Complaint and in support thereof sates as follows:

1. This action is brought by Karen Pappas ("Plaintiff"), who alleges she was injured after being involved in a motor vehicle accident with Thomas Choi on or around June 9, 2016.

2. Plaintiff filed a single count Complaint against Thomas Choi in December 30, 2016.

3. On March 18, 2020, plaintiff filed an Amended Complaint alleging direct negligence against SpaceX in Count One, vicarious liability against SpaceX for Choi's negligence in Count Two, and negligence against Thomas Choi in Count Three. *See* Plaintiff's Amended Complaint, paragraphs 9 through 35.

4. Count One of Plaintiff's Amended Complaint must be dismissed because plaintiff fails to properly allege the elements of a claim for direct negligence and, therefore, fails to state a claim upon which relief may be granted.

## LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Worthy*, 930 F.3d at 1217 (quoting Iqbal, 556 U.S. at 678). The Court is guided by the well-known principle that, on a motion to dismiss for failure to state a claim, the Court assumes all well-pleaded allegations in the Complaint are true and views them in the light most favorable to the plaintiff. *Jackson v. Okaloosa Cty.*, 21 F.3d 1532, 1534 (11th Cir. 1994).

Here, looking solely to the four corners of the Amended Complaint, plaintiff has failed to plead allegations giving rise to a legal cause of action for direct negligence against Defendant. Therefore, Count One of the Amended Complaint should be dismissed.

## MEMORANDUM OF LAW

### A. **PLAINTIFF FAILS TO PROPERLY ALLEGE ALL ELEMENTS FOR A CAUSE OF ACTION FOR NEGLIGENCE AGAINST SPACE-X**

When sitting in diversity jurisdiction, federal courts apply the substantive law of the forum state. *Horowitch v. Diamond Aircraft Indus., Inc.,* 645 F.3d 1254, 1257 (11th Cir. 2011). Under Florida law, in order to properly plead a cause of action sounding in negligence, a plaintiff must

Case 6:20-cv-00900-WWB-DCI   Document 22   Filed 06/22/20   Page 3 of 4 PageID 256

Defendant SpaceX Motion to Dismiss


allege: (1) a duty recognized by law to conform one's conduct to a standard for the protection of others against foreseeable and unreasonable risk of injury; (2) a breach of that duty; (3) the breach must be an actual and proximate cause of the injury; and (4) damages. *Estate of Rotell ex. rel. Rotell v. Kuehnle*, 38 So. 3d 783 (Fla. 2d DCA 2010). "The elements of a negligence cause of action are duty, breach, causation, and damages." *Miller By & Through Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th DCA 1997).

Count one of plaintiff's complaint is completely devoid of any allegation containing a direct duty owed by Defendant toward plaintiff, nor any allegation of the breach of said duty. *See* Plaintiff's Amended Complaint, paragraphs 9 through 22. Moreover, count one of plaintiff's complaint fails to allege any breach of a duty owed by Defendant to plaintiff was the proximate cause of plaintiff's injuries and/or damages. *Id.* The closest plaintiff gets to anything resembling a claim for direct negligence is the allegation that defendant "was negligent in permitting Thomas Choi to leave the premises and drive his motor vehicle when it knew or should have known that Thomas Choi was intoxicated." *See* Plaintiff's Amended Complaint, paragraph 9.

Evidently, the plaintiff is attempting to turn a claim for vicarious liability into an additional claim for direct liability. This is an attempt to fit a square peg into a round hole. Count one for direct negligence is essentially a carbon copy of count two for vicarious liability. *Compare* plaintiff's amended complaint paragraphs 9 through 22 with paragraphs 23 through 35. The facts as plaintiff has pled them, and as plaintiff's counsel knows, do not support a claim for direct negligence. Though defendant disputes it is vicariously liable to plaintiff for the negligence of Thomas Choi, defendant must acknowledge that plaintiff has at least properly pled a claim for vicarious liability in Count two. The same cannot be said for Count one.

As such, Defendant respectfully requests this Court dismiss Count one of plaintiff's complaint for failure to state a claim of direct negligence for which relief may be granted.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 22nd day June 2020, a true and correct copy of the above and foregoing Corporate Disclosure Statement was filed with the Clerk of the above styled Court using eFiling Portal.

TYSON & MENDES LLP

By: /s//DAMIAN M. FLETCHER
Damian M. Fletcher, Trial Counsel
Florida Bar No. 0056499
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, FL  33301
T:  954-332-3823
DFletcher@tysonmendes.com
HGreenbur@tysonmendes.com

**SERVICE LIST**
Douglas R. Beam, Esq.
Riley H. Beam, Esq.
Douglas R. Beam, P.A.
25 W New Haven Ave.
Suite C
Melbourne, FL 32901
Tel:  (321)723-6591
Email: eservice1@dougbeam.com
　　　　Eservice2@dougbeam.com

*Attorneys for Plaintiff*

Jeffrey A. Carter, Esq.
CONROY SIMBERG
Two South Orange Ave.
Suite 300
Orlando FL 32801
Tel:
Email:  eservice@conroysimberg.com
　　　　jcarter@conroysimberg.com

*Attorney for Defendant Thomas Choi*