UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN PAPPAS,                                    CASE 6:20-CV-00900-WWB-DCI

      Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

      Defendants.

_____/

**PLAINTIFF'S MOTION TO SUPPLEMENT THE MEMORANDUM OF LAW IN
PLAINTIFF'S MOTION TO REMAND BASED ON DEFENDANT, CHOI'S NOTICE OF
JOINDER TO DEFENDANT, SPACE EXPLORATION TECHNOLOGIES CORP.'S
NOTICE OF REMOVAL**

Plaintiff pursuant to  Local Rule 3.01(a) and Local Rule 3.01(c) hereby files her Motion to

Supplement the Memorandum of Law in Plaintiff's Motion to Remand Based on Defendant,

Choi's Notice of Joinder to Defendant, Space Exploration Technologies Corp. d/b/a SpaceX's,

Notice of Removal and states as follows:[1]

1.      The Initial Complaint in this matter was filed on approximately February 17, 2017.

Said Complaint named Thomas Choi as the sole Defendant.

2.      Thomas Choi was served on approximately March 4, 2017, and a timely answer

was filed.

3.      The Motion to Amend Compliant was filed in State Court on approximately

February 7, 2020, to add Defendant, Space Exploration Technologies Corp. d/b/a/ SpaceX

---

[1] Plaintiff is unsure whether she needs to respond to Defendant, Choi's, non-substantive Notice
of Joinder.  In an abundance of caution, Plaintiff is filing this Motion.

("SpaceX").   An Order granting Plaintiff's Motion to Amend Complaint was entered on approximately March 18, 2020, and the Amended Complaint was filed on approximately March 18, 2020.

4.        Defendant, SpaceX, was served on approximately April 2, 2020, and filed an Answer and Affirmative Defenses and Motion to Dismiss Count One of the Complaint on May 4, 2020.

5.        On May 27, 2020, Defendant, SpaceX, removed this matter to Federal Court pursuant to 28 U.S.C. 1446(b)(3), claiming there was diversity jurisdiction. In said removal, Defendant, SpaceX, claimed that it could not determine that the amount in controversy exceeded $75,000.00 until approximately May 5, 2020, when it received copies of Plaintiff's medical bills. As such, Defendant, SpaceX, claims it had thirty (30) days from the date it received Plaintiff's medical bills to file a removal.

6.        On June 2, 2020, Plaintiff filed a Motion to Remand based on Defendant, SpaceX's Notice of Removal and Memorandum of Law.   All of the arguments in Plaintiff's Memorandum of Law were based on why SpaceX's Notice of Removal was both untimely and waived.

7.        On June 12, 2020, Defendant, Choi, filed a Non-Substantive Notice of Joinder indicating he fully adopted Defendant, SpaceX's Notice of Removal.  See Exhibit "A."

8.        Plaintiff now seeks permission to add argument and authority as to why Defendant, Choi's, adoption of SpaceX's Notice of Removal is both untimely and has been waived.  A copy of the Supplemental Memorandum of Law is attached as Exhibit "B."

9.        Pursuant to Local Rule 3.01(g), Plaintiff's counsel certifies that it has conferred with opposing counsel regarding this Motion and Defendant, SpaceX and Defendant, Choi do not object to this Motion.

Wherefore, Plaintiff, Karen Pappas, respectfully requests this Court enter an Order allowing Plaintiff to Supplement her Memorandum of Law in Plaintiff's Motion to Remand to include argument and authority as to why Defendant, Thomas Choi's, Joinder and adoption of Defendant, SpaceX's, Notice of Removal is untimely and has been waived.

Respectfully submitted,

**DOUGLAS R. BEAM, ESQUIRE**
Douglas R. Beam, P.A.
25 West New Haven Avenue, Suite C
Melbourne, FL 32901-4463
(321) 723-6591
**eservice1@dougbeam.com**
**eservice2@dougbeam.com**

By:   /s/Douglas R. Beam
Douglas R. Beam
Florida Bar No. 515604
Lori M. Costa
Florida Bar No. 0014198

## CERTIFICATE OF SERVICE

I CERTIFY that on **June 25, 2020,** a copy of the foregoing was provided via email to the email address of record for this case in the CM/ECF database for all counsel identified below, or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notification:

Counsel for Defendant, SpaceX
**Damian M. Fletcher**
Tyson& Mendes, LLP
101 N.E. Third Ave., Suite 1500
Fort Lauderdale, FL  33301
(954) 323-3823
dfletcher@tysonmendes.com

Counsel for Defendant, Choi
**Jeffrey A. Carter**

Conroy Simberg
Two South Orange Ave.
Suite 300
Orlando, FL  32801
eservice@conroysimberg.com
jcarter@conroysimberg.com