UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN PAPPAS,                               CASE 6:20-CV-00900-WWB-DCI

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

    Defendants.
_____/

**MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT,
SPACE EXPLORATION TECHNOLOGIES CORP.'S, MOTION TO DISMISS COUNT
ONE OF PLAINTIFF'S COMPLAINT**

    Plaintiff, Karen Pappas, through undersigned counsel, moves this Court to extend the time to respond to Defendant, Space Exploration Technologies Corp. ("SpaceX")'s, June 22, 2020, Motion to Dismiss Count One of Plaintiff's Complaint and states as follows:

    1.    The Initial Complaint in this matter was filed on approximately February 17, 2017. Said Complaint named Thomas Choi as the sole Defendant.

    2.    Thomas Choi was served on approximately March 4, 2017, and a timely answer was filed.

    3.    On approximately February 7, 2020, Plaintiff filed a Motion to Amend Complaint in State Court. Said Amended Complaint named Defendant, Choi and Defendant, SpaceX. An Order granting Plaintiff's Motion to Amend Complaint was entered on approximately March 18, 2020, and the Amended Complaint was filed on approximately March 18, 2020.

    4.    Defendant, SpaceX, was served on approximately April 2, 2020, and filed an

Answer and Affirmative Defenses and Motion to Dismiss Count One of the Complaint on approximately May 4, 2020.

5. A hearing on Defendant's Motion to Dismiss was scheduled to be heard in state court on approximately June 22, 2020.

6. On May 27, 2020, Defendant, SpaceX, removed this matter to Federal Court pursuant to 28 U.S.C. 1446(b)(3), claiming there was diversity jurisdiction. Based on Local Rule 3.01(b), Plaintiff has fourteen (14) days to file a response from the date the removal was filed. Said response was due June 12, 2020.

7. On June 8, 2020, the Court entered an Order (DE 18) denying Defendant, SpaceX's, Motion to Dismiss without prejudice allowing it to re-file on or before June 23, 2020. Plaintiff's response is due June 24, 2020.

8. On June 2, 2020, Plaintiff filed a Motion to Remand based on timeliness and waiver. To date, neither SpaceX or Choi have responded to said Motion and pursuant to Local Rule 3.01(b) the time for filing a response has passed.[1]

9. Should the matter be remanded to state court, the state court is the more appropriate court to decide the Motion to Dismiss, as said Motion was filed in state court and the state court will be deciding all other matters in this action.

10. As such, it is appropriate for the Court to enter an Order Extending the Time to Respond to Defendant, SpaceX's Motion to Dismiss until after the Court has decided Plaintiff's Motion to Remand. Should the Court deny Plaintiff's Motion to Remand, the Plaintiff will have

---

[1] Defendant, Choi, filed a non-substantive Notice of Joinder to Defendant, SpaceX's Notice of Removal on June 12, 2020; however, has not responded to Plaintiff's Motion to Remand.

ten (10) days from the date of the Order to file a response to Defendant, SpaceX's Motion to Dismiss.

11. Pursuant to Local Rule 3.01(g), Plaintiff's counsel certifies that it has conferred with opposing counsel regarding this Motion and Defendants, SpaceX and Choi do not object to said Motion.

Wherefore, Plaintiff, Karen Pappas, respectfully requests this Court enter an Order extending the time to respond until after the Court has ruled on Plaintiff's Motion to Remand. Should the Court deny Plaintiff's Motion to Remand, Plaintiff will have ten (10) days from the date of the Order to file a response.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) states, "when an act may or must be done within a specified period of time, the court may, for good cause, extend the time: (A) with or without motion. . . if a request is made before the original time or its extension expires. . . ". Absent bad faith or prejudice to the non-moving party, the extension of time should normally be granted provided the request is made before the applicable deadline has passed. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2016); *Bacy v. Summit Receivables, LLC*, 2019 U.S. Dist. LEXIS 26678 (Fla. 5th DCA 2019); *Schwartz v. Bank of America Pension Plan for Legacy Companies, et.al*, 2018 U.S. Dist. LEXIS 62551 (Fla. 5th DCA 2018). Good cause must be shown in order to grant an extension of time; however, it is a non-rigorous standard that has been construed broadly. *Ahanchian*, 624 F.3d at 1259.

In the present matter, Defendant, SpaceX, filed a Motion to Dismiss Count One of Plaintiff's Amended Complaint. Subsequent to filing said Motion, it removed the matter to federal court on approximately May 29, 2020. Plaintiff believes that it was error for Defendant to remove this matter

to federal court. On June 2, 2020, Plaintiff filed a Motion to Remand, arguing timeliness and waiver. If Plaintiff is successful and the matter is remanded to state court, it would be more appropriate for the state court to decide whether Count One should be dismissed, since the Motion was filed in state court and state court will be deciding all other issues in this matter. If the Court denies Plaintiff's Motion to Dismiss, Plaintiff will have ten (10) days from the date the Order denying the Motion to Remand is entered.

                    Respectfully submitted,

                    **DOUGLAS R. BEAM, ESQUIRE**
                    Douglas R. Beam, P.A.
                    25 West New Haven Avenue, Suite C
                    Melbourne, FL 32901-4463
                    Phone: (321) 723-6591
                    Fax: (321) 723-5926
                    **eservice1@dougbeam.com**
                    **eservice2@dougbeam.com**

By:    /s/ Douglas R. Beam
         Douglas R. Beam
         Florida Bar No. 515604
         Lori M. Costa
         Florida Bar No. 0014198

## CERTIFICATE OF SERVICE

I CERTIFY that on **June 25, 2020,** a copy of the foregoing was provided via email to the email address of record for this case in the CM/ECF database for all counsel identified below, or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notification:

Counsel for Defendant, SpaceX
**Damian M. Fletcher**
Tyson& Mendes, LLP
101 N.E. Third Ave., Suite 1500
Fort Lauderdale, FL 33301

(954) 323-3823
dfletcher@tysonmendes.com

Counsel for Defendant, Choi
**Jeffrey A. Carter**
Conroy Simberg
Two South Orange Ave.
Suite 300
Orlando, FL 32801
eservice@conroysimberg.com
jcarter@conroysimberg.com