UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN PAPPAS,  CASE 6:20-CV-00900-WWB-DCI

    Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES
CORP. d/b/a SPACEX, a foreign profit
corporation, and THOMAS CHOI,

    Defendants.
_____/

**SUPPLEMENTAL MEMORANDUM OF LAW**

Plaintiff, Karen Pappas, hereby Supplements her June 2, 2020, Motion to Remand with arguments and authority regarding why Defendant, Thomas Choi's, Notice of Joinder and adoption of SpaceX's, Notice of Removal is untimely and has been waived and states as follows:

The following arguments are in addition to the Memorandum of Law provided in Plaintiff's Motion to Remand, and said arguments are adopted as if fully set forth herein.

**A. DEFENDANT, CHOI'S, NOTICE AND ADOPTION OF SPACEX'S NOTICE OF REMOVAL WAS UNTIMELY**

The procedure for removing a matter from state court to federal court is set forth in 28 U.S.C. 1446.  Specifically, 28 U.S.C. 1446, allows a party to remove a matter to federal court if there is complete diversity between the parties if a Notice of Removal is filed within thirty (30) days after receipt by the defendant.  If the initial pleading is not removable at the time it is filed a party can file a notice of removal within thirty days after receipt of information that the suit is removable.  However, under no circumstances can a cause of action be removed more than one

1

year after commencement of the legal action, unless the court finds the plaintiff has acted in bad faith to prevent the removal.

Federal courts are required to strictly construe removal statutes when a defendant files a notice of removal and the opposing party files a motion to remand. *University of S. Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Barroso v. Allstate Property & Casualty Ins. Co.,* 958 F. Supp. 2d 1344, 1344 (M.D. Fla. 2013). There is a presumption in favor of remand and all doubts should be resolved in favor of remanding the matter to state court. *Id*. The defendant must prove by preponderance of the evidence that jurisdiction exists. *Willams v. Best Buy, Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lee v. Allstate Indemnity Co.*, 2016 U.S. Dist. LEXIS 14175 (M.D. Fla. 2016). Further, even if a party does not file a motion for remand, the federal court is required to inquire *sua sponte* whenever subject matter jurisdiction could be lacking. *Williams*, 269 F.3d at 1318 (11th Cir. 2001); *Univ. S. Alabama*, 168 F.3d at 410.

Here, the present matter was commenced on approximately February 17, 2017, when the initial Complaint was filed. The Initial Complaint named Defendant, Thomas Choi. Defendant, Choi, responded to said Complaint and proceeded to litigate in the Eighteenth Judicial Circuit in and for Brevard County, Florida well in excess of one year. Any attempt Defendant, Choi, has made to remove this matter to federal court is untimely; and, combined with reasons stated in Plaintiff's Motion to Remand, this action should be remanded to the Eighteenth Judicial Circuit in and for Brevard, County, Florida. [1]

---

[1] Provided a Notice of Removal is filed within a year of the Initial Complaint, 28 U.S.C. 1446 (2)(C) allows a Defendant who was served later then another Defendant to file a Notice of Removal if the earlier served Defendant consents to the removal. Defendant, Choi, could consent to Defendant, SpaceX, removing this matter to Federal Court; however, he himself, could not request a removal.

**B. DEFENDANT, THOMAS CHOI, WAIVED ITS RIGHT TO REMOVE THIS ACTION TO FEDERAL COURT**

A party may waive his/her right to remove an action to federal court he/she affirmatively participates in litigating the merits while it is pending in state court. *Yusefzadeh v Nelson, Mullins, Riley & Scarborough, LLP*, 365 F. 3d 1244, 1246 (11th Cir. 2004). Whether a defendant has waived his/her right to remove a matter to federal court based on active participation is based on a case by case basis. *Id*. Affirmatively engaging in discovery after knowing that a case is removable constitutes a waiver. *See Harris v. Edward Hyman co.*, 664 F. 2d 943, 945 *(holding that a party seeking a remand after removal but who delays or otherwise participates in the proceedings in the district court may be precluded from objecting to removal on timeliness grounds)*. Courts have further stated that to waive the right of removal, a defendant must proceed in state court despite having notice that it has the ability to remove a case. *See Akin v. Ashland Chemical Co.,* 156 F. 2d 1030, 1036 (10th Cir. 1998); *Resolution Trust Corp. v. Bayside Developers*, 43 F. 3d 1230, 1240 (9th Cir. 1994); *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000).

In the present matter, Defendant, Thomas Choi, filed an Answer and Affirmative Defenses to the Initial Complaint in approximately March 2017. Subsequently, this Defendant served Discovery on Plaintiff on approximately March 17, 2017. Said answers provided documentation that the damages sought were in excess of $75,000.00.[2] Rather than removing the matter to federal court at that time, Defendant continued to litigate the matter in state court. As such, even if the Court were to find Defendant's joinder and adoption of Defendant, SpaceX's Notice of Removal, Defendant, Choi, was waived his right to removal.

---

[2] At the time Plaintiff filed her Initial Complaint, there was complete diversity between the two parties. Plaintiff resided in Florida and Defendant, Thomas Choi, resided in Georgia.

        Respectfully submitted,

        **DOUGLAS R. BEAM, ESQUIRE**
        Douglas R. Beam, P.A.
        25 West New Haven Avenue, Suite C
        Melbourne, FL 32901-4463
        Phone: (321) 723-6591
        Fax: (321) 723-5926
        eservice1@dougbeam.com
        eservice2@dougbeam.com

By:   /s/ Douglas R. Beam
       Douglas R. Beam
       Florida Bar No. 515604
       Lori M. Costa
       Florida Bar No. 0014198

## CERTIFICATE OF SERVICE

I CERTIFY that on **July 2, 2020,** a copy of the foregoing was provided via email to the email address of record for this case in the CM/ECF database for all counsel identified below, or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notification:

Counsel for Defendant, SpaceX
**Damian M. Fletcher**
Tyson& Mendes, LLP
101 N.E. Third Ave., Suite 1500
Fort Lauderdale, FL  33301
(954) 323-3823
dfletcher@tysonmendes.com

Counsel for Defendant, Choi
**Jeffrey A. Carter**
Conroy Simberg
Two South Orange Ave.
Suite 300
Orlando, FL  32801
eservice@conroysimberg.com
jcarter@conroysimberg.com