# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KAREN PAPPAS,

        Plaintiff,

v.                                                    Case No:  6:20-cv-900-Orl-78DCI

SPACE EXPLORATION
TECHNOLOGIES CORP. and THOMAS
CHOI,

        Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 11) and Supplemental Memorandum of Law (Doc. 27). Defendants have not responded, and the time for doing so has now passed. For the reasons set forth herein, the Motion to Remand will be granted.

## I.    BACKGROUND

On or about June 9, 2016, Defendant Thomas Choi, who was employed by Defendant Space Exploration Technologies Corp. ("**SpaceX**"), attended an intern welcome party sponsored by SpaceX. (Doc. 1-8, ¶¶ 10–11). While at the party, Choi became intoxicated. (*Id.* ¶ 15). Despite his intoxication, Choi drove his motor vehicle upon leaving the party. (*Id.* ¶ 20). Shortly thereafter, Choi's motor vehicle collided with a motor vehicle operated by Plaintiff, causing injuries to Plaintiff. (*Id.* ¶¶ 5–8, 21–22).

Plaintiff filed this case against Choi in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida on December 30, 2016. (Doc. 1-1 at 1). Thereafter, on March 18, 2020, Plaintiff filed the Amended Complaint (Doc. 1-8) to add

SpaceX as a Defendant in this litigation. SpaceX was served with the Amended Complaint on April 2, 2020, (Doc. 1 at 6), and removed the case to this Court on May 27, 2020. (*See id.* at 1–3). Choi filed a Notice of Joinder (Doc. 21), consenting to SpaceX's removal. Plaintiff now seeks to remand on the basis that removal was not timely.

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a).

"The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). A defendant may not remove a case "on the basis of jurisdiction conferred by [§ 1332] more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). If the "court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." *Id.* § 1446(c)(3)(B).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco*

*Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.   DISCUSSION

The parties do not dispute that the citizenship and amount in controversy elements of diversity jurisdiction have been met. Additionally, Defendants have not argued in their Notice of Removal that Plaintiff acted in bad faith by amending her pleading to add SpaceX nearly three years after filing this lawsuit. Accordingly, the sole question before this Court is whether filing the Amended Complaint to add SpaceX as a Defendant reset the removal window under § 1446(c)(1).[1]

While the Eleventh Circuit has not spoken directly on this question, the majority of courts that have considered the issue have determined that the addition of a new party more than one year after the commencement of the litigation does not create a new window for removal without a showing of bad faith. *See Ingram v. Forbes Co.*, No. 6:13-cv-381-Orl-37GJK, 2013 WL 1760202, at *2 (M.D. Fla. Apr. 24, 2013) (citing *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333, 1336 (M.D. Ala. 2001)) ("Even if Plaintiff had added an additional defendant . . . the addition of a party or claim does not commence the action anew."); *see also Sizemore v. Auto-Owners Ins. Co.*, No. 6:19-CV-307-REW-HAI, 2020 WL 2088234, at *4 (E.D. Ky. Apr. 29, 2020) (collecting cases). Absent compelling argument to the contrary or evidence of bad faith, which Defendants have not provided, this Court is inclined to agree with the majority of courts that have addressed this issue. *See Gailes v. Marengo Cty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1244 n.12

---

[1] Plaintiff also argues that Defendants waived their right to removal by actively participating in this litigation in state court. The Court, however, need not reach this issue because the removal, even if not waived, was untimely.

(S.D. Ala. 2013) ("A [nonmovant] that fails to address a claim challenged by a [movant] does so at its peril, both because the Court may not detect defects in the [movant's] position . . . and because . . . the Court will not on its own raise arguments to counter the [movant's] case."). Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Remand (Doc. 11) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case Number 05-2016-CA-053532.

3. The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ORDERED** in Orlando, Florida on August 12, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida